David Robert SMITH, Jr., Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–277–CR.

Court of Appeals of Texas, Corpus Christi.

Dec. 23, 1981.

E. Allen Coppock, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before NYE, C.J., and UTTER and KENNEDY, JJ.

OPINION

NYE, Chief Justice.

This is an appeal from a conviction of the offense of burglary of a habitation. Appel-

lant complains on appeal of the trial court's admission over appellant's objection of a blackboard drawing, and of alleged improper references by the State's counsel to punishment at voir dire and on closing argument during the trial.

In his first ground of error, appellant maintains the trial court erred in admitting the drawing in question because the State failed to lay an adequate predicate. Appellant bases his claim on the admission by one of the State's witnesses on voir dire that the drawing had been changed between the time she first saw it and the date of the trial, to show only two buildings where four actually existed in her apartment unit.

■ Diagrams are generally admissible to explain and clarify a witness' testimony. Holding v. State, 460 S.W.2d 133 (Tex.Cr. App.1970); see also McCormick and Ray, Texas Practice—Evidence, § 1464 at 318 (2d ed. 1956), and cases cited therein. The record clearly reflects that this diagram was offered merely to show the general layout of the scene of the offense, i.e., the complainant's apartment and its position in the apartment project. Two witnesses participated in preparing the drawing, the complainant and the Houston Police Department officer who first investigated the offense. Both witnesses testified that the diagram, as introduced, fairly and accurately depicted what it was purported to represent. The fact that the complainant later admitted that the drawing was in effect simplified and was not an exact replica of her apartment complex did not affect its admissibility. Jackson v. State, 477 S.W.2d 879 (Tex.Cr.App.1972); see also Clay v. State, 592 S.W.2d 609 (Tex.Cr.App.1980). We hold that the diagram was properly admitted into evidence.

■ In his remaining grounds of error, appellant contends that the prosecutor committed reversible error by making improper references to punishment at voir dire and during closing argument at the guilt or innocence phase of the trial. We must first point out that neither the voir dire nor the closing arguments of counsel appear in the appellate record, nor does it appear that any request was made by appellant that the court reporter take down the voir dire or the closing arguments of counsel. The record contains no formal bill of exception. Accordingly, nothing is presented for review as to the voir dire, Brown v. State, 508 S.W.2d 91 (Tex.Cr.App.1974); O'Dell v. State, 467 S.W.2d 444 (Tex.Cr.App.1971); or the closing argument, Cerda v. State, 557 S.W.2d 954 (Tex.Cr.App.1977); and cases cited therein.

■ Even if these assignments are properly before us, there was no reversible error. Called as a witness for the defense at a hearing on appellant's motion for a new trial, the prosecutor who tried the case testified that his decision to explain to the venire panel the range of punishments for the offense charged was based upon defense counsel's own oral statement to the effect that appellant had elected to go to the jury for punishment. The prosecutor testified that both he and the trial court had instructed the panel as to the range of punishment, and that there were actually several defense strikes of potential jurors who could not consider the range of punishment. The prosecutor's later assertion that there was confusion at the time of voir dire as to appellant's decision on punishment is supported by the record on appeal. The record reflects that voir dire began on April 16, 1979, at 11:42 a. m., and that appellant filed a written request to have the court decide punishment at 1:25 p. m. on that date. The prosecutor's voir dire explanation of the range of punishments was not reversible error, under these circumstances. See Bevill v. State, 573 S.W.2d 781, 783 (Tex.Cr.App.1978).

■ As for the closing argument, appellant admits that the only reference to punishment that the prosecutor made was simply to inform the jury that it should not consider the range of punishment in its deliberations on guilt or innocence and that the jury would not have the responsibility to assess punishment should it find the appellant guilty. Such explanation of range of punishment in closing argument at the

guilt or innocence stage has been held not to injure the rights of the appellant. *Webb v. State*, 439 S.W.2d 342 (Tex.Cr.App.1969); see also *Cook v. State*, 488 S.W.2d 822, 823 (Tex.Cr.App.1972), and cases cited therein.

The judgment of the trial court is AFFIRMED.