Larry Michael MAYFIELD, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–92–209–CR.

Court of Appeals of Texas,
Corpus Christi.

Feb. 11, 1993.

Discretionary Review Refused
June 9, 1993.

Able Luke, Jr., Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Linda A. West, Terry Yates, Asst. Dist. Attys., Houston, for appellee.

Before SEERDEN, KENNEDY and DORSEY, JJ.

## OPINION

SEERDEN, Justice.

A jury found appellant guilty of burglary of a building, and the trial court assessed punishment at confinement in prison for thirty-five years. By five points of error, appellant complains that the trial court erred in omitting appellant's special charge requests, and in admitting hearsay statements by the complaining witness and unsworn testimony of the prosecutor. We affirm.

The evidence showed, among other things, that appellant was discovered in the teachers' lounge of a public school building at 4:10 on the morning of August 6, 1991. Except for the hallways, the building was unlit. Immediately prior to encountering appellant, the arresting officer heard banging and other noise from the lounge area. The officer found appellant in the lounge crouched by a soft drink machine with a hammer and scraper in his hands. Later in his investigation he found pry marks on the soft drink machine.

Further investigation found that papers had been tampered with in the front office area. The school was out for the summer. No one else was found in the building, and appellant did not have permission to be in the building. Appellant did not testify at trial and does not challenge the sufficiency of the evidence to support his conviction.

By his first point of error, appellant complains of the trial court's refusal to charge the jury on mistake of fact. Appellant requested that the trial court charge the jury as to whether they had a reasonable doubt that he acted under a mistake of fact that the building or structure was a public place or a place the public had permission to enter. The judge refused such instruction.

■ "Mistake of fact" is a statutory defense to a criminal prosecution. Tex.Penal Code Ann. § 8.02(a) (Vernon 1974). A defendant has the right to an instruction on any defensive issue raised by the evidence, regardless of whether the evidence is strong or feeble, unimpeached or contradicted. *Miller v. State*, 815 S.W.2d 582, 585 (Tex.Crim.App.1991) (Opinion on Rehearing) (en banc); *Bang v. State*, 815 S.W.2d 838, 841 (Tex.App.—Corpus Christi 1991, no pet.). When an accused creates an issue of mistaken belief as to the culpable mental element of the offense, he is entitled to a defensive instruction on "mistake of fact." *Miller*, 815 S.W.2d at 585; *Bang*, 815 S.W.2d at 842.

A police officer interrogated appellant at the jail after the arrest. The officer testified that appellant told him he entered the school building through an unlocked door for the purpose of buying candy or something from a vending machine. Appellant argues that this testimony creates an issue whether appellant mistakenly believed the building was open to the public. He further claims that we should take judicial notice that the existence of a vending machine in a building is an implied invitation for the public to come in and buy the vended products. Common sense and experience require that we decline to take such notice. It seems at least as likely that a vending machine's presence is for the convenience of those who work in or have legitimate business in an establishment.

Moreover, appellant's statement is no evidence that he was laboring under a mistake of fact that the school was open to the public at the time. Such a statement could be considered with regard to his purpose of entering the building—whether to commit theft—but not to the status of the building.

Since there was no evidence that appellant mistakenly believed the building was open to the public, he was not entitled to a defensive charge on mistake of fact. *See Bruno v. State of Texas*, 845 S.W.2d 910 (Tex.Crim.App.1993). Point of error number one is overruled.

■ By point two, appellant asserts that the trial court erred in denying appellant's request to charge the jury on the lesser included offenses of burglary or attempted burglary of a coin-operated machine. Tex.Penal Code Ann. § 30.03(a) (Vernon 1989); Tex.Penal Code Ann. § 15.01 (Vernon Supp.1993). An offense is a lesser included offense if 1) it is established by

proof of the same or less than all the facts required to establish the commission of the offense charged, 2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission, 3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission, or 4) it consists of an attempt to commit the offense charged or an otherwise included offense. Tex.Code Crim.Proc.Ann. art. 37.09 (Vernon 1981).

The State's indictment alleged appellant committed the offense of burglary of a building. Tex.Penal Code Ann. § 30.-02(a)(1) (Vernon 1989). Burglary of a coin-operated machine contains an element, breaking or entering into a coin-operated machine, not contained in the offense of burglary of a building. This element is not included within the proof required to establish burglary of a building. For this reason, burglary of a coin-operated machine is not a lesser included offense of burglary of a building and fails under article 37.09, section 1. Additionally, it fails the test for lesser included offenses under article 37.09, sections 2–4. We overrule point two.

■ By point three, appellant complains that the trial court erred in overruling appellant's motion for mistrial because of the repeated unresponsive prejudicial hearsay statements blurted out in direct violation of the court's instructions to the complaining witness. Appellant argues that he suffered great harm and there was no way to avoid jury consideration of these statements. The State contends that the import of the hearsay remark was not so serious that it could not be cured by instruction. We agree.

Generally, error, if any, in admitting improper testimony may be cured by the trial court promptly sustaining the objection and and instructing the jury to disregard. *Harris v. State*, 790 S.W.2d 568, 589 (Tex. Crim.App.1989). However, when the evi-

dence appears to be clearly calculated to inflame the minds of the jury and its character suggests the impossibility of withdrawing the impression produced on their minds, the error cannot be corrected. *Id.*

■ Appellant bases this point of error on the following testimony of Principal, Daisy Maura.[1]

PROSECUTOR: After you noticed that somebody had gone into the office and rummaged through the office, what did you do next? What do you remember next?

MS. MAURA: Well, the custodian came through the main office and he said, Mrs. Maura, I found a vacuum cleaner, and something else. I can't recall the item, out near the gate, near the front entrance.

DEFENSE COUNSEL: Your Honor, I object to any hearsay.

THE COURT: Don't say what somebody else told you, please, ma'am.

DEFENSE COUNSEL: Ask the court to declare a mistrial.

THE COURT: Overruled.

DEFENSE COUNSEL: Ask the jury be instructed to disregard that hearsay.

THE COURT: Jury won't consider that hearsay statement.

The State later questioned Ms. Maura, "Did you ever see the items that [the custodian] had?" She responded, "I saw the vacuum cleaner because it was in the back room near my office." In addition, in his closing argument appellant's attorney commented, "They said a vacuum got moved around somewhere. But there's no sign that Mr. Mayfield did that."

The record fails to suggest that the hearsay was calculated to inflame the minds of the jury, nor that it suggested the impossibility of withdrawing the impression produced in their minds. Error, if any, was cured by the trial court sustaining the objection and properly instructing the jury, and was sufficient to preclude any effect upon the jurors' verdict. Tex.R.App.P.

1. Appellant complains of a second prejudicial hearsay statement by the same witness. However, defense counsel's objection at trial interrupted the witness before she testified about what someone told her. No hearsay appears of record for discussion on appeal.

81(b)(2). Appellant's third point of error is overruled.

 By points four and five, appellant complains that the trial court erred in admitting the unsworn hearsay testimony of the prosecutor in the form of a diagram he prepared for the complainant. He argues that the use of unsworn testimony casts doubt on the integrity of the entire criminal process in Texas. *See* Tex.R.Crim.Evid. 603. Appellant contends that the accuracy of the prosecutor's diagram should have been established. The State argues that it was properly admitted into evidence.

The record reflects the following:

PROSECUTOR: Let me direct your attention to what's been marked State's Exhibit No. 1. Would you describe what this is?

OFFICER PARISH: This is one of the annexes of the school. This is the office area.

\* \* \* \* \* \*

PROSECUTOR: Is that a drawing?

OFFICER PARISH: Yes, sir, it's a drawing of the school.

PROSECUTOR: Is that a fair representation of Ross Sterling High School?

OFFICER PARISH: Yes, sir.

\* \* \* \* \* \*

PROSECUTOR: Did you draw this with me earlier—

OFFICER PARISH: Yes.

The required authentication or identification for admissibility is satisfied by evidence that supports a finding that the matter in question is what its proponent claims. Tex.R.Crim.Evid. 901(a). It is proper and legitimate to introduce diagrams to explain and clarify the testimony of a witness. *Holding v. State*, 460 S.W.2d 133, 135 (Tex. Crim.App.1970); *Smith v. State*, 626 S.W.2d 843, 844 (Tex.App.—Corpus Christi 1981, no pet.).

Officer Parish testified that he assisted in drawing the diagram and that it was a fair representation of the high school. In addition, appellant received permission from the State to utilize the diagram during its cross-examination of Ms. Maura.

The diagram served the purpose of clarifying and rendering testimony more intelligible for both parties. We hold that the diagram was properly admitted into evidence. Appellant's points of error four and five are overruled.

The judgment of the trial court is AFFIRMED.

