Harold Lee MATZ, Appellant,

v.

The STATE of Texas.

No. 665–99.

Court of Criminal Appeals of Texas,
En Banc.

March 22, 2000.

Davis McCown, Hurst, for appellant.

Charles M. Mallin, Asst. Dist. Atty., Fort Worth, Matthew Paul, State's Atty., Austin, for State.

## *OPINION*

JOHNSON, J., delivered the opinion of the Court, in which McCORMICK, P.J., and MEYERS, MANSFIELD, PRICE, HOLLAND, and WOMACK, J.J., joined.

Appellant Harold Lee Matz was convicted by a jury of aggravated sexual assault of a child and sentenced by the jury to life imprisonment and a $10,000 fine. After complainant T.M. testified at trial, the trial court admitted into evidence a videotaped interview with T.M. which Child Protective Services (CPS) had filmed before trial. In the court of appeals, appellant complained, *inter alia*, that the trial court erred in admitting the videotape because it was inadmissible hearsay. In affirming the conviction, the Second Court of Appeals overruled this point of error. It noted that Tex.Code Crim. Proc. art. 38.071, which provides that under certain circumstances, a recording of an oral statement of a child sexual assault victim is admissible, was not applicable, since T.M. had testified at trial. *Matz v. State*, 989 S.W.2d 419, 423 (Tex.App.—Fort Worth 1999). Then assuming (but not holding) that the trial court erred in admitting the videotape, the court of appeals held that appellant failed to preserve error. *Id.* It found that because the videotaped interview essentially repeated T.M.'s live testimony, and because appellant never object-

ed to T.M.'s testimony about the abuse, any error in admitting the videotape was waived. *Id.* at 423–24. We granted appellant's petition for discretionary review to determine whether "the trial court erred in allowing the state to play for the jury a videotaped interview of the complaining party after the child testified live, in that such evidence is hearsay."

In holding that appellant had not preserved error, the Court of Appeals misunderstood the basis for appellant's complaint about admission of the videotaped testimony. Appellant did not object to the *substance* of that testimony, but to the *form,* i.e., that it was hearsay, "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." [1] *See* Tex.R. Evid. 801. The gravamen for the general exclusion of hearsay is that such testimony is not subject to testing through cross-examination. *See, e.g., Williamson v. U.S.,* 512 U.S. 594, 598, 114 S.Ct. 2431, 2434, 129 L.Ed.2d 476 (1994); 5 J. Wigmore, Evidence § 1362, at 3 (Chadbourn rev.1974). [2] Appellant could hardly be expected to object to T.M.'s live testimony on this same basis, since that testimony was, by definition, not hearsay.

Furthermore, the precedents cited by the Court of Appeals in support of its holding are distinguishable. In all of those cases, the defendant had objected to the *substance* of admitted testimony, and error was held waived because the same *substantive* testimony was elsewhere admitted without objection. [3]

We find that the Court of Appeals erred in holding that appellant failed to preserve error as to the admission of the complainant's videotaped testimony because he did not object to live testimony by the complainant. The judgment of the Court of Appeals is reversed, and the cause is remanded for consideration of the merits of this point of error.

KELLER, J., concurred in the judgment.

KEASLER, J., dissented.

---

1. In its brief, the state argues that appellant's trial objection does not comport with his complaint on appeal. However, the state concedes that at trial, appellant objected to the videotaped interview "on the grounds it's hearsay. Previous statement from a testifying witness and hasn't been any showing that it's any exception to the hearsay." Although the state attempts to characterize this as "an objection that the videotape was repetitive or constituted bolstering," this is clearly an objection on the basis of hearsay. At the Court of Appeals, appellant complained that "[t]he trial court erred in allowing the state to play for the jury a videotaped interview of the complaining party conducted by the Texas Department of Human Services, after the child testified live, in that such evidence is hearsay." Clearly then, appellant's objection at trial comports with his complaint on appeal.

2. *See also* 29 Am.Jur.2d *Evidence* § 658, at 702–03 (1994); 31A C.J.S. *Evidence* § 262, at 499–500 (1996); 2 Spencer A. Gard, Jones on Evidence: Civil & Criminal § 8:2, at 166 (6th ed.1972); Graham C. Lilly, An Introduction to the Law of Evidence § 6.1, at 180–83 (2nd ed.1987); Michael W. Martin, Basic Problems of Evidence § 13.01(b), at 299–303 (6th ed.1988); John William Strong, McCormick On Evidence § 245, at 95 (4th ed.1992).

3. *See Penry v. State,* 691 S.W.2d 636, 655 (Tex.Crim.App.1985) (testimony concerning written statements given by defendant to police), *cert. denied,* 474 U.S. 1073, 106 S.Ct. 834, 88 L.Ed.2d 805 (1986); *Nathan v. State,* 788 S.W.2d 942, 945 (Tex.App.—Fort Worth 1990, no pet.) (testimony concerning defendant's post-arrest silence); *Salinas v. State,* 625 S.W.2d 397, 401 (Tex.App.—San Antonio 1981, no pet.) (references to defendant's prior conviction).