NO. 07-01-0140-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 26, 2002

_____


JOHN DAVID HURD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY CRIMINAL COURT AT LAW NO. 2 OF HARRIS COUNTY;

NO. 1027078; HONORABLE MICHAEL PETERS, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

In three issues, appellant John David Hurd challenges his conviction for the misdemeanor offense of driving while intoxicated and the jury-assessed punishment of 21 days confinement in the Harris County Jail and a fine of $2,000. In those issues, he contends the evidence is legally and factually insufficient to establish that he was operating a motor vehicle and the trial court erred in admitting into evidence an exhibit that contained hearsay. For the reasons explicated, we affirm the judgment of the trial court.

On October 20, 2000, appellant was driving a motor vehicle on Spring-Stuebner Road in Harris County. At the intersection of Falvel Road, a car driven by Jennifer Carroll pulled out into the road and was struck by appellant's vehicle. Carroll received a citation. After the collision, a witness to the accident, Drue Ella Pean, observed appellant remove some beer from his vehicle and hide it in the nearby woods. She reported that fact to the investigating police officer, and appellant eventually led the police to the location of the beer. After being observed with the smell of alcohol on his breath, appellant was given field sobriety and intoxilyzer tests. Appellant registered a .091 and a .094 on the test, which is above the level permitted by law.

In his first two issues, appellant challenges the legal and factual sufficiency of the evidence to prove he was operating a motor vehicle. He argues that the State failed to present any evidence that he was operating a motor vehicle on the date of the accident alleged in the information because neither Carroll nor Pean testified he was operating a motor vehicle in a public place on October 20, 2000. In support of his position, he relies on Pean's following testimony:

Q. Ms. Pean, you testified that you saw the defendant come out of the truck toward you?

A. The first time?

Q. Yes.

A. Yes, ma'am.

Q. Do you see who you have later learned to be John Hurd in this courtroom today?

A. Yes, ma'am.

Q. Could you point to him and identify a piece of clothing that he's wearing?

A. He's wearing a brown tie.

Q. Okay. Could you point to him, please?

A. I'm sorry. (Witness pointing.)

MS. KIDD: Okay. At this time, may the record reflect that the witness has identified the defendant?

THE COURT: Any objections to that, Mr. Hutson?

MR. HUTSON: No, Judge.

THE COURT: All right. There being no objections, the record will reflect the identification made of the defendant, John David Hurd.

Q. (By Ms. Kidd) And ma'am, is that the person that you saw driving the other vehicle involved in this accident today?

A. Yes, ma'am.

\* \* \*

Appellant further relies on Carroll's following testimony:

\* \* \*

Q. And what happened after you came to a stop?

A. He got out of his car.

Q. Did you see him get out of the car?

A. No.

Q. Okay. When did you first see him?

A. When he was coming up to me to see if I was all right.

3

Q. Okay. And where – did you see where he came from?

A. No, ma'am.

Q. Do you know what direction he came from?

MR. HUTSON: I would object, Judge, she already answered she did not see where he came from.

THE COURT: Overruled. You can answer the question.

A. He came from over here.

Q. (By Ms. Kidd) And when was the first time that you actually saw him or his person?

A. When I heard him asking if I was all right. That night.

Q. And where was he standing when he asked you that?

A. About midway between my car and his.

*    *    *

A person commits the offense of driving while intoxicated if he is intoxicated while operating a motor vehicle in a public place. Tex. Pen. Code Ann. § 49.04(a) (Vernon Supp. 2002). In reviewing a legal sufficiency challenge, we view the evidence in the light most favorable to the prosecution and determine if any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). In reviewing the factual sufficiency challenge, we view all the evidence without the prism of in the light most favorable to the prosecution, and we may only set the verdict aside if it is so contrary to the

4

overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App. 1996).

Identity may be proved by direct or circumstantial evidence. *Earls v. State*, 707 S.W.2d 82, 85 (Tex.Crim.App. 1986). In *Hernandez v. State*, 13 S.W.3d 78 (Tex.App.-- Texarkana 2000, no pet.), the evidence was found to be legally and factually sufficient to support the verdict where witnesses, immediately after the accident, placed the defendant on the driver's side of a pickup truck belonging to him, even though they could not place him behind the wheel and he claimed someone else, whom he could not identify, was driving. *Id.* at 80-81.

While it is true that Carroll could not state she saw appellant driving the other vehicle that collided with her, Pean, a witness to the accident, testified that she saw the driver of the other vehicle get out of his truck and run toward her and Carroll. He approached the women close enough the first time to ask if they were all right. The second time he approached the two women, he began to yell at them. Pean positively identified appellant as the man in the other vehicle.

Appellant argues that, because Pean identified him as that "person that you saw driving the other vehicle involved in this accident today," she identified him on the date of her testimony, not October 20, 2000. Since there had been no testimony about any accident occurring on the date of trial and appellant was not on trial for any such offense, such a construction of the testimony is not necessarily a reasonable inference. However,

5

even if that particular statement is disregarded, Pean still stated she observed the accident, saw him get out of the truck involved in the accident from the driver's side, and identified appellant as that man. Furthermore, Deputy Sean Riley testified that appellant made a statement after the accident that he "had two passengers." Appellant also stated, "[l]ook at my truck, I finally got it fixed and now it's wrecked again." The evidence is both legally and factually sufficient to support a finding that appellant was operating a motor vehicle. Appellant's first two issues are overruled.

In his third issue, appellant complains of the admission into evidence of an exhibit, which consisted of a diagram of the accident scene prepared by an unidentified police officer. The exhibit was offered through Carroll, who testified that she was familiar with the objects and locations in the diagram, that it was a fair and accurate portrayal of the accident scene as she remembered it, and that the drawing was not to scale. Appellant objected on the basis that, upon his voir dire examination, Carroll indicated the exhibit was drawn by a police officer who did not discuss it with her and was based on hearsay. The court overruled the objection.[1]

Hearsay is a statement made other than by the declarant offered into evidence to prove the truth of the matter asserted. Tex. R. Evid. 801(d). A "statement" is an oral or written verbal expression or nonverbal conduct of a person, if it is intended by the person

---

[1]The State argues that error was waived by a failure to continually object to several pages of Carroll's testimony concerning the exhibit. However, the court had already admitted the exhibit prior to that testimony. The exhibit had also been admitted prior to Pean's testimony.

as a substitute for verbal expression. Tex. R. Evid. 801(a). The basis for the rule against hearsay is that such testimony is not subject to testing through cross-examination. *Matz v. State*, 14 S.W.3d 746, 747 (Tex.Crim.App. 2000).

In *Mayfield v. State*, 848 S.W.2d 816 (Tex.App.--Corpus Christi 1993, pet. ref'd), the defendant argued that a diagram drawn by the prosecutor was unsworn hearsay testimony. However, the police officer testified that the diagram was a fair representation of a specific high school and he assisted in drawing it. Based on that testimony, the court found the diagram to have been properly admitted. *Id.* at 819.

In this instance, while Carroll did not draw the diagram or instruct the police officer how to do so, those facts do not automatically render the diagram hearsay. Carroll essentially adopted the diagram as her own based on her direct knowledge of the accident scene. Thus, the diagram was not offered as the police officer's statement as to how the accident occurred, but was offered as Carroll's statement after her authentication of it. Furthermore, she was fully available for cross-examination as to her testimony on matters related to the diagram and how the accident occurred. Pean also authenticated the exhibit by identifying the diagram as showing the direction of travel and street names where the accident occurred, and she testified it was a fair and accurate representation of the scene as she remembered it, except the diagram was not drawn to scale.

Even if the diagram constituted hearsay, its admission is not constitutional error. *Johnson v. State,* 967 S.W.2d 410, 417 (Tex.Crim.App. 1998); *Lee v. State*, 21 S.W.3d

532, 538 (Tex.App.--Tyler 2000, no pet.). Both Carroll and Pean were capable of testifying as to the location of the streets at the accident scene and the location of the vehicles involved both prior to and after the accident without the benefit of the diagram. The exhibit merely served to assist the jury in a demonstrative manner in understanding those facts more easily. Therefore, appellant's substantial rights were not affected because any error did not influence or only slightly influenced the jury. *See* Tex. R. App. P. 44.2 (b). Appellant's third issue is overruled.

Having found no reversible error, we affirm the judgment of the trial court.

John T. Boyd
Chief Justice

Do not publish.

8