NO. 07-06-0418-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 26, 2007


 ______________________________



DWAYNE KING, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;



NO. 6392; HONORABLE LEE WATERS, JUDGE


_______________________________




Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ON ABATEMENT AND REMAND


 Dwayne King perfected appeal from his conviction for the offense of money
laundering. The clerk's and reporter's records were due on December 18, 2006. The clerk
and reporter filed motions for extension citing appellant's failure to make arrangements for
payment for the clerk's and reporter's records. Each motion was granted, extending the
deadlines to February 2, 2007. We directed appellant's counsel to certify compliance with
Rules of Appellate Procedure 34.6(b)(1), and 35.3(a)(2), (3) on or before January 8, 2007. 
Counsel's response recited appellant currently resides in Detroit, Michigan, that he is
indigent and is attempting to raise funds necessary to pay for the record. The response
requests additional time to pay for the record but does not comply with Rule 10.5(b)(1)
governing motions for extension of time. It also states that counsel has advised appellant
that he must return to Texas for a hearing on indigence for appointment of counsel on
appeal. (1) Counsel has not filed a notice that she no longer represents appellant in
accordance with Rule 6.4 or a motion to withdraw complying with Rule 6.5. Nor has
counsel filed a docketing statement required by Rule 32.2 and as directed by this court. 

 Accordingly we must abate the appeal and remand the case to the 223rd District
Court of Gray County for further proceedings. Tex. R. App. P. 37.3(a)(2). Upon remand
the trial court shall use such means as may be necessary, including a hearing if the court
finds it necessary, to determine the following:

 1. whether appellant desires to prosecute the appeal;

 2. whether appellant is indigent;

 3. whether appellant is entitled to a free appellate record due to his indigence; and

 4. whether appellant is represented by counsel or is entitled to appointed counsel. 

 The trial court shall cause any hearing held to be transcribed and shall conduct it
in a manner designed to protect appellant's rights which may include presentation of
testimony in any manner permitted by law. The court shall (1) execute findings of fact and
conclusions of law addressing the foregoing issues, (2) cause to be developed a
supplemental clerk's record containing the findings of fact and conclusions of law and all
orders it may issue as a result of its compliance with this order, and (3) cause to be
developed a reporter's record transcribing the evidence and arguments presented at any
hearing conducted. Additionally, the district court shall then file the supplemental record
with the clerk of this court on or before March 5, 2007. Should further time be needed by
the trial court to perform these tasks, same shall be requested before March 5, 2007. 
Finally, if the trial court determines that appellant is entitled to appointed counsel and
appoints counsel, it shall inform this court of the name, address, and state bar number of
the appointed counsel.

 It is so ordered. 

 Per Curiam


Do not publish.




1. The foundation for this advice is not clear from counsel's response. 


s accident today?


 A. Yes, ma'am. 


* * *



Appellant further relies on Carroll's following testimony:


* * *


 Q. And what happened after you came to a stop?


 A. He got out of his car.


 Q. Did you see him get out of the car?


 A. No. 


 Q. Okay. When did you first see him?


 A. When he was coming up to me to see if I was all right.


 Q. Okay. And where - did you see where he came from?


 A. No, ma'am. 


 Q. Do you know what direction he came from? 


 MR. HUTSON: I would object, Judge, she already answered she did not see
where he came from. 


 THE COURT: Overruled. You can answer the question. 


 A. He came from over here.


 Q. (By Ms. Kidd) And when was the first time that you actually saw him or
his person?


 A. When I heard him asking if I was all right. That night. 

 

 Q. And where was he standing when he asked you that?


 A. About midway between my car and his. 


* * *



 A person commits the offense of driving while intoxicated if he is intoxicated while
operating a motor vehicle in a public place. Tex. Pen. Code Ann. § 49.04(a) (Vernon
Supp. 2002). In reviewing a legal sufficiency challenge, we view the evidence in the light
most favorable to the prosecution and determine if any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U. S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). In reviewing the
factual sufficiency challenge, we view all the evidence without the prism of in the light most
favorable to the prosecution, and we may only set the verdict aside if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. Clewis v. State,
922 S.W.2d 126, 129 (Tex.Crim.App. 1996). 

 Identity may be proved by direct or circumstantial evidence. Earls v. State, 707
S.W.2d 82, 85 (Tex.Crim.App. 1986). In Hernandez v. State, 13 S.W.3d 78 (Tex.App.--
Texarkana 2000, no pet.), the evidence was found to be legally and factually sufficient to
support the verdict where witnesses, immediately after the accident, placed the defendant
on the driver's side of a pickup truck belonging to him, even though they could not place
him behind the wheel and he claimed someone else, whom he could not identify, was
driving. Id. at 80-81. 

 While it is true that Carroll could not state she saw appellant driving the other vehicle
that collided with her, Pean, a witness to the accident, testified that she saw the driver of
the other vehicle get out of his truck and run toward her and Carroll. He approached the
women close enough the first time to ask if they were all right. The second time he
approached the two women, he began to yell at them. Pean positively identified appellant
as the man in the other vehicle.

 Appellant argues that, because Pean identified him as that "person that you saw
driving the other vehicle involved in this accident today," she identified him on the date of
her testimony, not October 20, 2000. Since there had been no testimony about any
accident occurring on the date of trial and appellant was not on trial for any such offense,
such a construction of the testimony is not necessarily a reasonable inference. However,
even if that particular statement is disregarded, Pean still stated she observed the accident, 
saw him get out of the truck involved in the accident from the driver's side, and identified
appellant as that man. Furthermore, Deputy Sean Riley testified that appellant made a
statement after the accident that he "had two passengers." Appellant also stated, "[l]ook
at my truck, I finally got it fixed and now it's wrecked again." The evidence is both legally
and factually sufficient to support a finding that appellant was operating a motor vehicle. 
Appellant's first two issues are overruled.

 In his third issue, appellant complains of the admission into evidence of an exhibit,
which consisted of a diagram of the accident scene prepared by an unidentified police
officer. The exhibit was offered through Carroll, who testified that she was familiar with the
objects and locations in the diagram, that it was a fair and accurate portrayal of the
accident scene as she remembered it, and that the drawing was not to scale. Appellant
objected on the basis that, upon his voir dire examination, Carroll indicated the exhibit was
drawn by a police officer who did not discuss it with her and was based on hearsay. The
court overruled the objection. (1) 

 Hearsay is a statement made other than by the declarant offered into evidence to
prove the truth of the matter asserted. Tex. R. Evid. 801(d). A "statement" is an oral or
written verbal expression or nonverbal conduct of a person, if it is intended by the person
as a substitute for verbal expression. Tex. R. Evid. 801(a). The basis for the rule against
hearsay is that such testimony is not subject to testing through cross-examination. Matz
v. State, 14 S.W.3d 746, 747 (Tex.Crim.App. 2000). 

 In Mayfield v. State, 848 S.W.2d 816 (Tex.App.--Corpus Christi 1993, pet. ref'd), the
defendant argued that a diagram drawn by the prosecutor was unsworn hearsay testimony. 
However, the police officer testified that the diagram was a fair representation of a specific
high school and he assisted in drawing it. Based on that testimony, the court found the
diagram to have been properly admitted. Id. at 819. 

 In this instance, while Carroll did not draw the diagram or instruct the police officer
how to do so, those facts do not automatically render the diagram hearsay. Carroll
essentially adopted the diagram as her own based on her direct knowledge of the accident
scene. Thus, the diagram was not offered as the police officer's statement as to how the
accident occurred, but was offered as Carroll's statement after her authentication of it. 
Furthermore, she was fully available for cross-examination as to her testimony on matters
related to the diagram and how the accident occurred. Pean also authenticated the exhibit
by identifying the diagram as showing the direction of travel and street names where the
accident occurred, and she testified it was a fair and accurate representation of the scene
as she remembered it, except the diagram was not drawn to scale. 

 Even if the diagram constituted hearsay, its admission is not constitutional error. 
Johnson v. State, 967 S.W.2d 410, 417 (Tex.Crim.App. 1998); Lee v. State, 21 S.W.3d
532, 538 (Tex.App.--Tyler 2000, no pet.). Both Carroll and Pean were capable of testifying
as to the location of the streets at the accident scene and the location of the vehicles
involved both prior to and after the accident without the benefit of the diagram. The exhibit
merely served to assist the jury in a demonstrative manner in understanding those facts
more easily. Therefore, appellant's substantial rights were not affected because any error
did not influence or only slightly influenced the jury. See Tex. R. App. P. 44.2 (b). 
Appellant's third issue is overruled.

 Having found no reversible error, we affirm the judgment of the trial court. 


 John T. Boyd

 Chief Justice


Do not publish.
1. The State argues that error was waived by a failure to continually object to several
pages of Carroll's testimony concerning the exhibit. However, the court had already
admitted the exhibit prior to that testimony. The exhibit had also been admitted prior to
Pean's testimony.