COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-089-CR

NO. 2-07-090-CR

 

JASON EARL WHITE                                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM
THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction

In three points, Appellant
Jason Earl White complains that the trial court erred by (1) admitting
ten-year-old A.V.=s videotaped
interview, (2) determining that Andrea Carmack was the proper outcry witness,
and (3) admitting extraneous evidence that he possessed child pornography.  We affirm.








II.  Factual and Procedural Background

On October 21, 2002, A.V., a
ten-year-old girl, told a school guidance counselor, Andrea Carmack, that she
did not feel safe at home after the counselor=s discussion on safety.  A.V.
and the counselor then went to the counselor=s office where A.V. told the counselor that she had been sexually
abused by her uncle, Appellant.

A.V. recalled Appellant=s driving her to a farm, making her climb over a cattle guard gate,
and taking her down a path.  After
reaching a Abig rock,@ Appellant instructed A.V. to undress and she did.  Appellant then undressed and had vaginal
intercourse with A.V.

A.V. also recalled a game
called ABarbie Says.@  During the game, Appellant would take an
article of clothing off of A.V.=s Barbie doll and then tell A.V. to remove the same article of
clothing.  Appellant would also undress
during the game.  After A.V. and
Appellant were undressed, Appellant would have vaginal intercourse with A.V.

A.V. stated in specific
detail that Appellant would put his Astick thingy@ in her Amiddle@ and mouth
and that she would have to put Appellant=s Astick thingy@ in her hands.  A.V. also said
that Appellant asked her to pick between a corn dog and a Aplastic tub thing@ to be put inside her Amiddle.@  








After listening to A.V. for
three and a half hours, the counselor called Child Protective Services (ACPS@) and the
police to notify them of A.V.=s outcry.  Later that same day,
a CPS investigator went to the school and interviewed A.V. regarding the sexual
abuse.  This interview was videotaped and
Carmack was present during the interview. 

On October 3, 2003, a jury
found Appellant guilty of aggravated sexual assault of a child and sentenced
him to forty years=
confinement.  However, on September 15,
2005, this court reversed and remanded the trial court=s judgment after holding that the trial court erred by failing to
require the State to make an election in the jury charge.  White v. State, No. 02-03-00456-CR,
2005 WL 2245102, at *2-3 (Tex. App.CFort Worth Sept. 15, 2005, no pet.) (mem. op.) (not designated for
publication). 

On February 5, 2007, the
State retried the case.  On February 8,
2007, after Appellant pleaded not guilty, a jury found him guilty of aggravated
sexual assault and sentenced him to sixty-five years= confinement.[2]  The trial court later reduced Appellant=s sentence to forty years= confinement to match the punishment imposed during the first trial. 








III.  Videotaped Interview

In his first point, Appellant
contends that the trial court erred by admitting A.V.=s videotaped interview with CPS. 
Appellant argues that under article 38.071 of the Texas Code of Criminal
Procedure, the videotaped interview should not have been admitted because A.V.
testified at trial; therefore, the videotaped interview was inadmissible
hearsay.  The State asserts that the
trial court properly admitted the videotape because Appellant opened the door
by repeatedly cross-examining witnesses about the videotape, and alternatively,
because even if the trial court erred by admitting the videotaped interview,
Appellant did not suffer harm.

A.  Abuse of Discretion

The standard of review for a
trial court's admission of evidence is abuse of discretion, and wide discretion
is afforded to the trial judge.  Theus
v. State, 845 S.W.2d 874, 881 (Tex. Crim. App. 1992).  The trial court's decision should be reversed
on appeal only if there is a showing of a clear abuse of discretion.  Id. 
Only if the court's decision falls outside the Azone of reasonable disagreement,@ has it abused its discretion.  Rankin
v. State, 974 S.W.2d 707, 718 (Tex. Crim. App. 1996) (op. on reh=g); Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App.
1991) (op. on reh=g).

 








B.  Applicable Law

Article 38.071 of the Texas
Code of Criminal Procedure describes the procedure for a child younger than
thirteen years old to testify when the trial court determines that he or she is
unavailable to testify in the presence of the defendant.  See TEX. CODE CRIM. PROC. ANN.
art. 38.071 (Vernon Supp. 2007). 
The pertinent section of article 38.071 states that 

[t]he
recording of an oral statement of the child made before the indictment is
returned or the complaint has been filed is admissible into evidence if the
court makes a determination that the factual issues of identity or actual
occurrence were fully and fairly inquired in a detached manner by a neutral
individual experienced in child abuse cases that seeks to find the truth of the
matter.

 

Id. art. 38.071(2)(a).  The introduction of a videotaped interview
when a child victim testifies at trial constitutes hearsay.  Matz v. State, 14 S.W.3d 746, 746
(Tex. Crim. App. 2000).  

C.  Error Analysis








To begin with, we find the
State=s argument that Appellant opened the door to the introduction of the
videotape unpersuasive.  C.f., Feldman
v. State, 71 S.W.3d 738, 755B56 (Tex. Crim. App. 2002) (Aan appellant who >opens the door= to
otherwise inadmissible evidence risks having that evidence admitted and used
against him@).  The State argues that Appellant opened the
door when he mentioned Delores Phillips, the CPS investigator, during voir
dire, referred to the CPS interview during his opening statement, and when he
questioned Carmack about calling CPS and sitting with A.V. during the CPS
interview.  Although Appellant mentioned
Phillips during voir dire, he did not reference the videotaped interview.  During his opening statement, Appellant
mentioned the CPS interview; however, he did not say that the interview was
videotaped.  Additionally, we cannot say
that Appellant opened the door during his cross-examination of Carmack because
neither Appellant nor Carmack mentioned that the interview was recorded.  The State further points to Appellant=s cross-examination of A.V. 
During cross-examination, Appellant stated, ADo you remember telling Ms. Phillips on the videotape that -- let me
rephrase that.@  Although Appellant mentioned the videotape,
he did not disclose that it was A.V.=s interview that was momentarily referenced in this abbreviated
question nor did he discuss the details of the videotaped interview.  Thus, we conclude that Appellant did not open
the door to the admission of the videotaped interview.








We now turn to an examination
about whether it was error to admit the videotaped interview at trial.  As stated above, a child victim=s videotaped interview is admissible under article 38.071 when the child
is unavailable to testify at trial.  TEX. CODE CRIM. PROC. ANN. art. 38.071 (1), (2)(a). 
Because A.V. did testify at trial, we hold that it was error for the
trial court to admit the videotape over Appellant=s objection.  Id.  

D.  Harm Analysis

Having found error, we must
conduct a harm analysis to determine whether the error calls for reversal of
the judgment.  Tex. R. App. P. 44.2. 
If the error is constitutional, we apply rule 44.2(a) and reverse unless
we determine beyond a reasonable doubt that the error did not contribute to
appellant=s conviction
or punishment.  Tex. R. App. P. 44.2(a). 
Otherwise, we apply rule 44.2(b) and disregard the error if it did not
affect appellant=s
substantial rights.  Tex. R. App. P. 44.2(b); see Mosley
v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh=g), cert. denied, 526 U.S. 1070 (1999); Coggeshall v. State,
961 S.W.2d 639, 642-43 (Tex. App.CFort Worth 1998, pet. ref=d).








Here, the trial court erred
by admitting the videotape because A.V. did testify at trial.  See Jensen v. State, 66 S.W.3d 528,
535 (Tex. App.CHouston
[14th Dist.] 2002, pet. ref=d); Matz v. State, 21 S.W.3d 911, 912 (Tex. App.CFort Worth 2000, pet. ref=d).  Error in the admission of
evidence is subject to a harm analysis under Rule 44.2(b) of the Rules of
Appellate Procedure.  Matz, 21
SW.3d at 912; see also Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim.
App. 1998); Couchman v. State, 3 S.W.3d 155, 160 (Tex. App.CFort Worth 1999, pet. ref=d).  

Because we determine that the
error is not constitutional, rule 44.2(b) is applicable.  Tex.
R. App. P. 44.2(b).  A substantial
right is affected when the error had a substantial and injurious effect or
influence in determining the jury=s verdict.  King v. State,
953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing Kotteakos v. United
States, 328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946)); Coggeshall,
961 S.W.2d at 643.  In making this
determination, we review the record as a whole.  See Johnson, 967 S.W.2d at 417.

A.V.=s live testimony did not differ substantially from her videotaped
interview.  See Jensen, 66 S.W.3d
at 535. During the videotaped interview, A.V. recalled specific instances of
sexual abuse.  A.V. stated that Appellant
repeatedly put his Astick thing@ in her Amiddle,@ that Appellant stuck his private in her bottom, and that he put his Astick thing@ in her
mouth.  A.V. also said that Appellant
made her play ABarbie Says@ and a similar game that involved one of A.V.=s baby dolls.[3]









At trial, A.V. testified that
Appellant put his Astick thingy@ in her middle, touched her privates with his Aprivate parts and his hands,@ made her put her mouth on his Aprivate parts,@ put his Aprivate part@ in her
bottom, and made her play ABarbie Says.@  

It is well-established that
the improper admission of evidence does not constitute reversible error if the
same facts are proved by other properly admitted evidence.  Matz, 21 S.W.3d at 912; see also
Brooks v. State, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999); Couchman,
3 S.W.3d at 160.  Here, A.V. recalled the
same instances of sexual abuse during the videotaped interview as she did
during her testimony.  

Appellant argues that the
videotape was damaging to his case because A.V. recalled specific sexual acts,
including anal sex, on the videotape that she did not tell Carmack immediately
prior to the interview.  We hold that
this argument is unpersuasive.  At trial,
A.V. testified that Appellant put his Aprivate part@ inside her Aback private.@  Thus, A.V. testified that Appellant had anal
sex with her.  Because the videotape is
cumulative of A.V.=s properly
admitted testimony on the same issue, even if the trial court erred by admitting
the videotape, we must disregard the error because it could not have affected
Appellant=s
substantial rights.  See TEX. R. APP. P. 44.2(b); Jensen, 66 S.W.3d at 535B36.  Accordingly, we overrule
Appellant=s first
point.








IV.  Proper Outcry Witness

In his second point,
Appellant argues that the trial court abused its discretion by determining that
Carmack was the first outcry witness. 
Specifically, Appellant contends that Cynthia Cook White (AWhite@), A.V.=s grandmother, is the proper outcry witness because A.V. first told
White about the sexual abuse.  The State
argues that White was not the proper outcry witness because she told a District
Attorney=s office investigator that A.V. did not tell her that she had been
abused.

A trial court has broad
discretion in determining the admissibility of the proper outcry witness.  Garcia v. State, 792 S.W.2d 88, 92
(Tex. Crim. App. 1990).  The exercise of
that discretion will not be disturbed unless a clear abuse of that discretion
is established by the record.  Id.;
see also Montgomery, 810 S.W.2d at 391 (stating that a trial court
abuses its discretion when its ruling is outside the Azone of reasonable disagreement.@).

Article 38.072 of the Texas
Code of Criminal Procedure Aapplies only to statements that describe the alleged offense that (1)
were made by the child against whom the offense was allegedly committed; and
(2) were made to the first person, 18 years of age or older, other than
the defendant, to whom the child made a statement about the offense.@  Tex. Code Crim. Proc. Ann. art. 38.072, '2(a) (Vernon 2005) (emphasis added). 









In Foreman v. State,
the Austin Court of Appeals, in addressing the meaning of article 38.072,
determined that the A>first person= refers to
the first adult who can remember and relate at trial the child=s statement that in some discernable manner describes the alleged
offense.@  995 S.W.2d 854, 859 (Tex.  App.CAustin 1999, pet. ref=d).  In that case, the child
victim first told her mother and stepfather that she had been sexually abused
by her AUncle Rodney@ during a
vacation.  Id. at 855B57.  At a hearing, however, the
victim=s mother and stepfather told the trial court that they did not have
any memory of the victim telling them about the abuse.  Id. The trial court determined that the
proper outcry witness under article 38.072 was a counselor and not the victim=s mother and stepfather because the counselor was the first person to
remember and relate the conversation.  Id.
at 857, 859.           

Here, White told the District
Attorney=s office investigator that A.V. did not tell her about the abuse.  Accordingly, Carmack was the proper outcry
witness because she was the first adult that A.V. told about the sexual abuse
who remembered the conversation and could relate it to others.  See id.  Thus, the trial court did not abuse its
discretion by admitting Carmack=s testimony as the proper outcry witness.  We overrule Appellant=s second point. 

 

 








V.  Admissibility of Child Pornography

In his final point, Appellant
asserts that the trial court erred by admitting evidence that he possessed
child pornography: State=s exhibits
four through ten.  Appellant argues that
the pornographic photographs were not identified by A.V. as photos that
Appellant had shown her; and therefore, evidence of his possession of them
constituted extraneous prior bad acts. 
He contends that even if the seven photographs were relevant, they were
highly prejudicial.  The State argues
that the photographs were properly admitted because under Rule 404(b), they
tend to show Appellant=s intent or
motive.

The standard of review for a
trial court's ruling under the Rules of Evidence is abuse of discretion.  Sauceda v. State, 129 S.W.3d 116, 120
(Tex. Crim. App. 2004); Angleton v. State, 971 S.W.2d 65, 67 (Tex. Crim.
App. 1998).  If the ruling was correct on
any theory of law applicable to the case, in light of what was before the trial
court at the time the ruling was made, then we must uphold the judgment. Sauceda,
129 S.W.3d at 120; State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App.
2000); Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); Romero
v. State, 800 S.W.2d 539, 543B544 (Tex. Crim. App. 1990).

Rule 404(b) provides that 








[e]vidence
of other crimes, wrongs or acts is not admissible to prove the character of a
person in order to show action in conformity therewith.  It may, however, be admissible for other
purposes, such as proof of motive, opportunity, intent, preparation, plan,
knowledge, identity, or absence of mistake or accident . . . .

 

TEX. R. EVID. 404(b).  Additionally, article 38.37 of the Texas Code
of Criminal Procedure states that notwithstanding Rule 404(b), evidence of
other crimes, wrongs, or acts committed by the defendant against the child
victim of the alleged offense Ashall be admitted for its bearing on relevant matters, including: (1)
the state of mind of the defendant and the child; and (2) the previous and
subsequent relationship between the defendant and the child.@  TEX. CODE CRIM. PROC. ANN. art. 38.37(2) (Vernon Supp. 2007).  








Evidence admissible under
Rule 404(b) or article 38.37 may be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice.  TEX. R. EVID. 403.  In evaluating the trial court=s determination under Rule 403, a reviewing court is to reverse the
trial court=s judgment Ararely and only after a clear abuse of discretion,@ recognizing that the trial court is in a superior position to gauge
the impact of the relevant evidence.  Jones
v. State, 119 S.W.3d 412, 421B22 (Tex. App.CFort Worth
2003, no pet.).  When the relevant
criteria are viewed objectively and lead to the conclusion that the danger of
unfair prejudice substantially outweighs the probative value of the proffered
evidence, the appellate court should declare that the trial court erred by
failing to exclude it.  Sarabia v.
State, 227 S.W.3d 320, 323 (Tex. App.CFort Worth 2007, pet. ref=d); see also Montgomery, 810 S.W.3d at 392; Jones, 119
S.W.3d at 422.

The relevant criteria in
determining whether the prejudice of an extraneous offense outweighs its
probative value include (1) the inherent probative force of the proffered item of
evidence along with (2) the proponent's need for that evidence against (3) any
tendency of the evidence to suggest decision on an improper basis, (4) any
tendency of the evidence to confuse or distract the jury from the main issues,
(5) any tendency of the evidence to be given undue weight by a jury that has
not been equipped to evaluate the probative force of the evidence, and (6) the
likelihood that presentation of the evidence will consume an inordinate amount
of time or merely repeat evidence already admitted.  Gigliobianco v. State, 210 S.W.3d 637,
641-42 (Tex. Crim. App. 2006).  








Appellant relies on Thrift
v. State, for the proposition that the AState could not offer the additional images as evidence of Appellant=s >intent to
arouse or gratify [his] sexual desire.=@  134 S.W.3d 475, 477 (Tex. App.CWaco 2004), aff=d on other grounds, 176 S.W.3d 221 (Tex.
Crim. App. 2005).  However, we have
previously held that we decline to follow the Thrift reasoning.  Sarabia, 227 S.W.3d at 324-25 (holding
that the element of >intent to
arouse or gratify sexual desire= cannot be inferred by concluding that the defendant committed the
offense). 

Here, the State introduced
seven pornographic photographs of young girls even though A.V. testified that
she did not remember viewing them with Appellant.  AIntent to arouse or gratify sexual desire@ is an implicit element of aggravated sexual assault of a child.  Id. at 323B24; see also Ochoa v. State, 982 S.W.2d 904, 908 (Tex. Crim.
App. 1998).  Therefore, the seven
photographs were admissible under Rule 404(b) because they tend to show
Appellant=s intent or
motive to gratify his sexual desire with underage girls.  See Sarabia, 227 S.W.3d at 324; Jones,
119 S.W.3d at 422.  Accordingly, the
trial court did not abuse its discretion by admitting the photographs.  








We now turn to the balancing
factors under Rule 403(b).  The
photographs do have some probative value of evidence of Appellant=s intent or motive to gratify his sexual desires via underage
girls.  Furthermore, the State=s need for the evidence was moderate because the photographs
corroborated A.V.=s statements
that Appellant made her view child pornography on his computer.  Additionally, we believe that presenting the
jury with this evidence would not lead to a decision on an improper basis.  Next, the presentation of the photographs did
not have a tendency to confuse or distract the jury from the main issues.  Further, the pornographic photographs did not
have a tendency be given undue weight by the jury because even though such photographs
depicting children are typically inflammatory, the photographs depict naked
underage girls, and during her testimony, A.V. identified two other
pornographic photographs that Appellant made her look at on his computer.  Finally, the presentation of the photographs
did not consume an inordinate amount of time or merely repeat evidence already
admitted.  

Accordingly, we hold that the
trial court did not abuse its discretion by admitting the seven pornographic
photographs over Appellant=s objection.  Therefore, we
overrule Appellant=s third
point.  

VI.  Conclusion

Having overruled Appellant=s three points, we affirm the trial court=s judgments.

 

PER CURIAM

 

PANEL F:    MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
May 29, 2008











[1]See Tex. R. App. P. 47.4.





[2]The jury also found Appellant
guilty of three additional counts of aggravated sexual assault, one count of
indecency with a child by contact, and three counts of indecency with a child
by exposure in cause number CR10077. 
Appellant does not raise any points regarding these convictions in his
appeal. 





[3]During the game that involved one
of A.V.=s baby dolls, Appellant made A.V.
put on a dress that was too small for her and then he would remove an article
of the baby doll=s clothing and instruct A.V. to
remove the same article of clothing. 
After A.V. had undressed, Appellant had vaginal intercourse with her.