**George FOREMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 03–98–00276–CR.**

Court of Appeals of Texas,
Austin.

June 17, 1999.

J.W. Howeth, Austin, for Appellant.

Ronald Earle, District Attorney, James Adkins, Assistant District Attorney, Austin, for State.

Before Justices JONES, B.A. SMITH and YEAKEL.

LEE YEAKEL, Justice.

A jury convicted appellant of indecency with a child by contact and indecent exposure, and the judge assessed punishment at ten years' imprisonment for the first offense and 180 days in jail for the second. Tex. Penal Code Ann. §§ 21.11(a)(1), .08 (West 1994).

Appellant contends in his first two points of error that the district court erred in admitting inculpatory statements he made to a counselor at a veteran's center and to a Veterans Administration psychiatrist. He contends his statements were not admissible under the rules of evidence because they were made to persons involved in treatment or examination of alcohol or drug abuse.[1] His third point of error complains of the district court's admission of the complainant's statements about the offenses to her counselor; he contends that the counselor was not the first adult to whom she told her story and therefore was not the proper outcry witness.

## Factual Background

A.N. is a child born in 1985 and, at the time of the offense, she was related to appellant through her mother's marriage to a relative of appellant's. Appellant was born in 1948, and A.N. called him "Uncle Rodney." In April of 1996, A.N. was participating in a program to help her resolve some behavioral problems. During this treatment, she told the counselor that she had been molested by an uncle a couple of years earlier. The counselor spoke to the child and her mother and learned that the uncle's name was George Rodney Foreman. The child gave more details about the offense and said that when she was about eight or nine years old she was at his home and sat on his lap to learn how to use the computer. He told her to spread her legs and he rubbed her vagina and started breathing hard. A week or so later she was at his house again, as were some cousins. On this occasion, appellant took a shower, dried off, and, wearing only a towel around his waist, came into the bedroom where A.N. and a female cousin were playing. The towel dropped off, and appellant stood and looked at the girls. A.N. saw his penis.

In July of 1996, appellant telephoned a counselor he knew at a veterans center and asked whether the center could help with problems that were not related to the military. Appellant told the counselor that his family had learned that he had been fondling a niece. Appellant met with a psychiatrist shortly thereafter and told him about the child abuse. Both appellant's counselor and psychiatrist were called to testify at trial and they related what appellant had told them about the child abuse.

## Admissibility of Appellant's Statements

In points of error one and two, appellant contends that the district court erred in admitting into evidence the testimony of Jerry Sharp, a counselor at a veterans center, and of Dr. Gregory Vagshinian, a Veterans Administration psychiatrist, each of whom appellant told of abusing his niece. Appellant objected to the admission of their testimony on the ground that the statements were protected from

---

1. Appellant relied upon Criminal Rule of Evidence 510, which now appears as Rule 509(b) of the Rules of Evidence, effective March 1, 1998. We will cite the current Rule for convenience.

disclosure by rule of evidence 509(b) which provides:

**Limited Privilege in Criminal Proceedings.** There is no physician-patient privilege in criminal proceedings. However, a communication to any person involved in the treatment or examination of alcohol or drug abuse by a person being treated voluntarily or being examined for admission to treatment for alcohol or drug abuse is not admissible in a criminal proceeding.

Tex.R. Evid. 509(b).[2]

We review a court's ruling on the admissibility of evidence under an abuse of discretion standard. *Green v. State,* 934 S.W.2d 92, 101–02 (Tex.Crim.App.1996). We will not reverse such a ruling so long as it falls "within the 'zone of reasonable disagreement.'" *Id.* at 102 (quoting *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Crim.App.1990) (op. on reh'g)). Moreover, error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected. *See* Tex.R. Evid. 103(a).

The district court held a hearing outside the presence of the jury regarding the admissibility of the testimony of the two witnesses and the applicability of the evidentiary rule quoted above. The counselor, Jerry Sharp, testified that he was aware that appellant had sought and obtained treatment through the Veterans Administration in the past for alcohol and drugs, but said that he had never treated appellant for alcohol or drug abuse. Sharp's assessment of the problem that appellant sought help for on this occasion was pedophilia and the resulting depression because his family had found out about it. Sharp was aware that appellant had been treated previously on an outpatient basis for posttraumatic stress disorder and a bipolar disorder. Doctor Vagshenian testified that on July 15, 1996, the date appellant came for assistance and mentioned the incident of child abuse, he was treating appellant for posttraumatic stress disorder. The doctor said that since appellant had previously been treated for substance abuse, that condition was always an issue for consideration and that he had examined appellant on that subject but determined that his substance abuse was in remission on that occasion. The doctor testified that there was no active treatment for substance abuse on that date.

The record contains no evidence that appellant went to either the counselor or the psychiatrist seeking treatment for substance abuse nor that they examined him for admission into a substance abuse treatment program. Appellant's prior history of substance abuse was one factor considered in the doctor's overall examination, but was not a primary or even a major concern. The issue of whether the privilege applied in such a case where a sex offender also had substance abuse problems was considered in *Tatum v. State,* 919 S.W.2d 910 (Tex.App.—Fort Worth 1996, no pet.). Tatum was convicted of aggravated sexual assault of his daughter and indecency with a child. During the punishment phase of that trial, the State offered testimony of a sex-offender counselor concerning statements the defendant had made during his counseling sessions about his sexual deviancy and other sexual offenses he had committed, such as molesting his young sister and raping his drunk and incoherent mother. Tatum's trial counsel did not object to this testimony, and Tatum complained on appeal that failure to do so was ineffective assistance of counsel. Tatum and other defense witnesses testified at punishment that the sexual assault was out of character for him, and that his only problem was alcohol consumption. Tatum contended that alcohol was the catalyst of his problem and that giving it up would solve all his problems. The counselor testified that test assessments conducted by another person indicated that Tatum did have an alcohol

---

**2.** A similar statutory provision is in the Code of Criminal Procedure. *See* Tex.Code Crim. Proc. Ann. art. 38.101 (West 1979).

problem, but she did not prescribe a course of treatment for his alcoholism. She acknowledged that he was transferred to another group and that the transfer may have been for treatment of his alcohol problem. The court held that Tatum's attorney was not ineffective for not objecting to this testimony because the privilege is limited to situations involving alcohol or drug abuse and, although Tatum asserted that beer was the root of his problem, he had sought counseling as a sex offender and not for alcohol or drug abuse. The instant case is similar in that appellant had problems with substance abuse in the past but there was no evidence that he was seeking help for that particular problem when he told the two witnesses about his acts of child abuse.

The district court sought detailed information at the hearing below on whether substance abuse was a factor or focus in these two communications, determined that it was not, and overruled the objections. We cannot say that the district court abused his discretion in these rulings. Points of error one and two are overruled.

### Who Was the Outcry Witness?

■ Appellant contends that the district court erred in admitting the testimony of a counselor at the Travis County Mental Health and Mental Retardation Children's Mental Health Services, James Kennedy, as the outcry witness under article 38.072 of the Code of Criminal Procedure. This provision applies in child sexual abuse cases and makes admissible the testimony of the first adult the child tells about the offense. Tex.Code Crim. Proc. Ann. art. 38.072 (West Supp.1999). Appellant argues that the complainant first told her mother and stepfather about the offenses and therefore the statute cannot apply to admit the counselor's testimony.

In accordance with article 38.072 of the Code of Criminal Procedure, the district court conducted a hearing outside the presence of the jury to determine whether Kennedy was authorized to testify regarding A.N.'s outcry. See Tex.Code Crim. Proc. Ann. art. 38.072, § 2(a)(2) (West Supp.1999). A.N. told Kennedy that an uncle had abused her on separate occasions by fondling her genitals and, at another time, exposing himself to her. A.N. testified that the first persons she told that this had happened were her mother and stepfather. She said that she told them about it when they were on a vacation in California and they were all in a hot tub. However, A.N.'s mother and stepfather both testified that neither had any memory of A.N. ever saying anything about appellant abusing her. Her mother testified that A.N. may have told her of the abuse, but "I was sick at the time and I don't remember a lot of that trip." [3]

This is an issue of first impression. We have not been referred to any authority, nor have we found any, interpreting the meaning of the statute's term "the first person, 18 years of age or older, other than the defendant, to whom the child made a statement about the offense," when the facts show that the first person the child testifies she told can not, or does not want to, remember the child making any statement at all. Appellant and the State refer us to *Garcia v. State*, 792 S.W.2d 88 (Tex.Crim.App.1990). In *Garcia*, the complainant was a first-grader who, in response to the teacher's inquiry to the class concerning whether anyone had touched their private parts or had treated them in a bad way, told her teacher that she had problems at home about what the teacher had just discussed. The teacher talked to her privately, and then took her to the principal's office, and shortly thereafter the child spoke to Herman Muniz, a child protective specialist with the Texas Department of Human Services. At trial, the State presented Muniz as the outcry witness under article 38.072. The defendant

---

**3.** A.N.'s mother testified during the defense's case that she was high on cocaine and methamphetamine "ninety-nine percent of the time" on this trip, and that her husband Danny also took drugs on the trip.

objected that the first person the child had told about the matter was not Muniz, but her teacher. The trial court overruled the objection and the court of appeals affirmed the district court.

In affirming the court of appeals, the court of criminal appeals first recited the pertinent provisions of the Code of Criminal Procedure, placing emphasis on the portion to be construed:

> "Sec. 2(a). This article applies only to statements that describe the alleged offense that:
>
> (1) were made by the child against whom the offense was allegedly committed; and
>
> (2) were made to the **first person**, 18 years of age or older, other than the defendant, to whom the child made a **statement about the offense**."

*Garcia,* 792 S.W.2d at 91(emphasis in original).

The court's interpretation of the pertinent phrase is set out at length:

> This Court interprets the above highlighted portion of the statute to mean that the outcry witness must be the first person, 18 years old or older, to whom the child makes a statement that in some discernible manner describes the alleged offense. We believe that the statement must be more than words which give a general allusion that something in the area of child abuse was going on. In picking the particular wording of the "first person" requirement, the legislature was obviously striking a balance between the general prohibition against hearsay and the specific societal desire to curb the sexual abuse of children. *See generally Osborne v. Ohio,* 495 U.S. 103, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990). That balance is the focal point of our analysis. The portion of the statute catering to the hearsay prohibition demands that only the "first person" is allowed to testify. But the societal interest in curbing child abuse would hardly be served if all that "first person" had to testify to was a general allegation from the child that

something in the area of child abuse was going on at home. Thus, we decline to read the statute as meaning that any statement that arguably relates to what later evolves into an allegation of child abuse against a particular person will satisfy the requisites of Sec. 2(a)(2). The statute demands more than a general allusion of sexual abuse.

> . . . .

> .... In order to be designated as the outcry witness by the trial court, one element that must be clearly shown by the evidence is that the victim described the offense to that witness.

*Garcia,* 792 S.W.2d at 91.

Several cases have addressed who is the proper outcry witness in a child abuse case. Most have been resolved by application of the principle in *Garcia* that more than a general allusion of abuse is required, and that the statement given must provide sufficient detail to specify the offense alleged. *See Campos v. State,* 977 S.W.2d 458, 460–61 (Tex.App.—Waco 1998, no pet.) (teacher was outcry witness when six-year-old child told mother of abuse, then three years later told teacher that defendant had touched her privates "last year"; court held complainant was reporting instances separate in time); *Reed v. State,* 974 S.W.2d 838, 841–42 (Tex.App.—San Antonio 1998, pet. ref'd) (father was proper outcry witness when girls told him how, when, and where neighbor had touched them, although child-protective-service worker took more detailed statements next day); *Hinds v. State,* 970 S.W.2d 33, 35 (Tex.App.—Dallas 1998, no pet.) (mother proper outcry witness where complainant first told counselor in general terms, but gave mother more detail later); *Hayden v. State,* 928 S.W.2d 229, 231 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd) (child-protective-service worker proper outcry witness although complainant first told school counselor of abuse, since no evidence that child gave counselor details of offense); *Turner v. State,* 924 S.W.2d 180, 183 (Tex.App.—Eastland 1996,

pet. ref'd) (police officer proper outcry witness where complainant first told counselor of digital penetration, and later told police of penile penetration, the offense charged); *Ford v. State*, 908 S.W.2d 32, 36 (Tex.App.—Fort Worth 1995, pet. ref'd) (mother proper outcry witness to abuse of son, even though daughter first told teacher of defendant's abuse of both children); *Norman v. State*, 862 S.W.2d 621, 625–26 (Tex.App.—Tyler 1993, pet. ref'd) (child-protective-service worker proper outcry witness since she was present when child told of intercourse, although child first told grandmother of other acts); *Schuster v. State*, 852 S.W.2d 766, 768 (Tex.App.—Fort Worth 1993, pet. ref'd) (psychologist proper outcry witness even though complainant told mother first, but child was so upset no details were related).

In *Villalon v. State*, 805 S.W.2d 588, 592–93 (Tex.App.—Corpus Christi 1991, no pet.), a school counselor testified as the outcry witness over defendant's objection that the mother had first seen blood on complainant's panties, which the child explained to her mother as caused by eating lemons. The mother testified that the child had not told her anything about what happened. Citing *Garcia*, 792 S.W.2d at 91, the court said that the outcry witness as contemplated by the statute is "the person to whom a child makes a statement that in some discernible manner describes the alleged offense. The statute demands more than a general allusion of sexual abuse. The victim's statement to her mother regarding 'eating lemons' does not even rise to the level of a general allusion of sexual abuse." *Villalon*, 805 S.W.2d at 593 (citations omitted).

These cases establish the difficulty that can arise in identifying the proper outcry witness, and the broad discretion of district courts in making this determination. *See Garcia*, 792 S.W.2d at 92.

■ After the hearing and before ruling on appellant's objection, the district court observed, "[I]t seems to the Court that the outcry witness ipso facto has to be the first person who can remember, relate what was actually said by the witness, because otherwise we would have no need for an exception to the hearsay rule." We agree. In *Garcia*, 792 S.W.2d at 91, the court of criminal appeals said that the legislature was balancing the general prohibition against hearsay and the specific societal desire to curb the sexual abuse of children. The court went on to say that "the societal interest in curbing child abuse would hardly be served if all that 'first person' had to testify to was a general allegation from the child that something in the area of child abuse was going on at home." *Id.* On the same basis, the societal interest in curbing child abuse would not be served if we interpreted the statute to require that the "first person" could only be the person to whom the child made outcry even though that person did not hear, did not remember, or did not understand what the child was saying. We interpret the statute to mean that the "first person" refers to the first adult who can remember and relate at trial the child's statement that in some discernible manner describes the alleged offense. We hold that the district court did not abuse his discretion in determining that the child's counselor was the proper outcry witness. Appellant's third point of error is overruled.

### Conclusion

Having disposed of appellant's three points of error, we affirm the judgment of the district court.