

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 2-07-089-CR**
**NO. 2-07-090-CR**

JASON EARL WHITE                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

In three points, Appellant Jason Earl White complains that the trial court erred by (1) admitting ten-year-old A.V.'s videotaped interview, (2) determining that Andrea Carmack was the proper outcry witness, and (3) admitting extraneous evidence that he possessed child pornography. We affirm.

---

[1] *See* TEX. R. APP. P. 47.4.

## II. Factual and Procedural Background

On October 21, 2002, A.V., a ten-year-old girl, told a school guidance counselor, Andrea Carmack, that she did not feel safe at home after the counselor's discussion on safety. A.V. and the counselor then went to the counselor's office where A.V. told the counselor that she had been sexually abused by her uncle, Appellant.

A.V. recalled Appellant's driving her to a farm, making her climb over a cattle guard gate, and taking her down a path. After reaching a "big rock," Appellant instructed A.V. to undress and she did. Appellant then undressed and had vaginal intercourse with A.V.

A.V. also recalled a game called "Barbie Says." During the game, Appellant would take an article of clothing off of A.V.'s Barbie doll and then tell A.V. to remove the same article of clothing. Appellant would also undress during the game. After A.V. and Appellant were undressed, Appellant would have vaginal intercourse with A.V.

A.V. stated in specific detail that Appellant would put his "stick thingy" in her "middle" and mouth and that she would have to put Appellant's "stick thingy" in her hands. A.V. also said that Appellant asked her to pick between a corn dog and a "plastic tub thing" to be put inside her "middle."

2

After listening to A.V. for three and a half hours, the counselor called Child Protective Services ("CPS") and the police to notify them of A.V.'s outcry. Later that same day, a CPS investigator went to the school and interviewed A.V. regarding the sexual abuse. This interview was videotaped and Carmack was present during the interview.

On October 3, 2003, a jury found Appellant guilty of aggravated sexual assault of a child and sentenced him to forty years' confinement. However, on September 15, 2005, this court reversed and remanded the trial court's judgment after holding that the trial court erred by failing to require the State to make an election in the jury charge. *White v. State*, No. 02-03-00456-CR, 2005 WL 2245102, at *2-3 (Tex. App.—Fort Worth Sept. 15, 2005, no pet.) (mem. op.) (not designated for publication).

On February 5, 2007, the State retried the case. On February 8, 2007, after Appellant pleaded not guilty, a jury found him guilty of aggravated sexual assault and sentenced him to sixty-five years' confinement.[2] The trial court later reduced Appellant's sentence to forty years' confinement to match the punishment imposed during the first trial.

---

[2] The jury also found Appellant guilty of three additional counts of aggravated sexual assault, one count of indecency with a child by contact, and three counts of indecency with a child by exposure in cause number CR10077. Appellant does not raise any points regarding these convictions in his appeal.

3

### III. Videotaped Interview

In his first point, Appellant contends that the trial court erred by admitting A.V.'s videotaped interview with CPS. Appellant argues that under article 38.071 of the Texas Code of Criminal Procedure, the videotaped interview should not have been admitted because A.V. testified at trial; therefore, the videotaped interview was inadmissible hearsay. The State asserts that the trial court properly admitted the videotape because Appellant opened the door by repeatedly cross-examining witnesses about the videotape, and alternatively, because even if the trial court erred by admitting the videotaped interview, Appellant did not suffer harm.

### A. Abuse of Discretion

The standard of review for a trial court's admission of evidence is abuse of discretion, and wide discretion is afforded to the trial judge. *Theus v. State*, 845 S.W.2d 874, 881 (Tex. Crim. App. 1992). The trial court's decision should be reversed on appeal only if there is a showing of a clear abuse of discretion. *Id.* Only if the court's decision falls outside the "zone of reasonable disagreement," has it abused its discretion. *Rankin v. State*, 974 S.W.2d 707, 718 (Tex. Crim. App. 1996) (op. on reh'g); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g).

4

## B. Applicable Law

Article 38.071 of the Texas Code of Criminal Procedure describes the procedure for a child younger than thirteen years old to testify when the trial court determines that he or she is unavailable to testify in the presence of the defendant. *See* TEX. CODE CRIM. PROC. ANN. art. 38.071 (Vernon Supp. 2007). The pertinent section of article 38.071 states that

> [t]he recording of an oral statement of the child made before the indictment is returned or the complaint has been filed is admissible into evidence if the court makes a determination that the factual issues of identity or actual occurrence were fully and fairly inquired in a detached manner by a neutral individual experienced in child abuse cases that seeks to find the truth of the matter.

*Id.* art. 38.071(2)(a). The introduction of a videotaped interview when a child victim testifies at trial constitutes hearsay. *Matz v. State*, 14 S.W.3d 746, 746 (Tex. Crim. App. 2000).

## C. Error Analysis

To begin with, we find the State's argument that Appellant opened the door to the introduction of the videotape unpersuasive. *C.f.*, *Feldman v. State*, 71 S.W.3d 738, 755–56 (Tex. Crim. App. 2002) ("an appellant who 'opens the door' to otherwise inadmissible evidence risks having that evidence admitted and used against him"). The State argues that Appellant opened the door when he mentioned Delores Phillips, the CPS investigator, during voir dire, referred to

5

the CPS interview during his opening statement, and when he questioned Carmack about calling CPS and sitting with A.V. during the CPS interview. Although Appellant mentioned Phillips during voir dire, he did not reference the videotaped interview. During his opening statement, Appellant mentioned the CPS interview; however, he did not say that the interview was videotaped. Additionally, we cannot say that Appellant opened the door during his cross-examination of Carmack because neither Appellant nor Carmack mentioned that the interview was recorded. The State further points to Appellant's cross-examination of A.V. During cross-examination, Appellant stated, "Do you remember telling Ms. Phillips on the videotape that -- let me rephrase that." Although Appellant mentioned the videotape, he did not disclose that it was A.V.'s interview that was momentarily referenced in this abbreviated question nor did he discuss the details of the videotaped interview. Thus, we conclude that Appellant did not open the door to the admission of the videotaped interview.

We now turn to an examination about whether it was error to admit the videotaped interview at trial. As stated above, a child victim's videotaped interview is admissible under article 38.071 when the child is unavailable to testify at trial. TEX. CODE CRIM. PROC. ANN. art. 38.071 (1), (2)(a). Because

6

A.V. did testify at trial, we hold that it was error for the trial court to admit the videotape over Appellant's objection. *Id.*

### D. Harm Analysis

Having found error, we must conduct a harm analysis to determine whether the error calls for reversal of the judgment. TEX. R. APP. P. 44.2. If the error is constitutional, we apply rule 44.2(a) and reverse unless we determine beyond a reasonable doubt that the error did not contribute to appellant's conviction or punishment. TEX. R. APP. P. 44.2(a). Otherwise, we apply rule 44.2(b) and disregard the error if it did not affect appellant's substantial rights. TEX. R. APP. P. 44.2(b); *see Mosley v. State,* 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999); *Coggeshall v. State*, 961 S.W.2d 639, 642-43 (Tex. App.—Fort Worth 1998, pet. ref'd).

Here, the trial court erred by admitting the videotape because A.V. did testify at trial. *See Jensen v. State*, 66 S.W.3d 528, 535 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd); *Matz v. State*, 21 S.W.3d 911, 912 (Tex. App.—Fort Worth 2000, pet. ref'd). Error in the admission of evidence is subject to a harm analysis under Rule 44.2(b) of the Rules of Appellate Procedure. *Matz*, 21 SW.3d at 912; *see also Johnson v. State*, 967 S.W.2d

7

410, 417 (Tex. Crim. App. 1998); *Couchman v. State*, 3 S.W.3d 155, 160 (Tex. App.—Fort Worth 1999, pet. ref'd).

Because we determine that the error is not constitutional, rule 44.2(b) is applicable. TEX. R. APP. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946)); *Coggeshall,* 961 S.W.2d at 643. In making this determination, we review the record as a whole. *See Johnson*, 967 S.W.2d at 417.

A.V.'s live testimony did not differ substantially from her videotaped interview. *See Jensen*, 66 S.W.3d at 535. During the videotaped interview, A.V. recalled specific instances of sexual abuse. A.V. stated that Appellant repeatedly put his "stick thing" in her "middle," that Appellant stuck his private in her bottom, and that he put his "stick thing" in her mouth. A.V. also said that Appellant made her play "Barbie Says" and a similar game that involved one of A.V.'s baby dolls.[3]

---

[3] During the game that involved one of A.V.'s baby dolls, Appellant made A.V. put on a dress that was too small for her and then he would remove an article of the baby doll's clothing and instruct A.V. to remove the same article of clothing. After A.V. had undressed, Appellant had vaginal intercourse with her.

8

At trial, A.V. testified that Appellant put his "stick thingy" in her middle, touched her privates with his "private parts and his hands," made her put her mouth on his "private parts," put his "private part" in her bottom, and made her play "Barbie Says."

It is well-established that the improper admission of evidence does not constitute reversible error if the same facts are proved by other properly admitted evidence. *Matz*, 21 S.W.3d at 912; *see also Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999); *Couchman*, 3 S.W.3d at 160. Here, A.V. recalled the same instances of sexual abuse during the videotaped interview as she did during her testimony.

Appellant argues that the videotape was damaging to his case because A.V. recalled specific sexual acts, including anal sex, on the videotape that she did not tell Carmack immediately prior to the interview. We hold that this argument is unpersuasive. At trial, A.V. testified that Appellant put his "private part" inside her "back private." Thus, A.V. testified that Appellant had anal sex with her. Because the videotape is cumulative of A.V.'s properly admitted testimony on the same issue, even if the trial court erred by admitting the videotape, we must disregard the error because it could not have affected Appellant's substantial rights. *See* TEX. R. APP. P. 44.2(b); *Jensen*, 66 S.W.3d at 535–36. Accordingly, we overrule Appellant's first point.

9

### IV. Proper Outcry Witness

In his second point, Appellant argues that the trial court abused its discretion by determining that Carmack was the first outcry witness. Specifically, Appellant contends that Cynthia Cook White ("White"), A.V.'s grandmother, is the proper outcry witness because A.V. first told White about the sexual abuse. The State argues that White was not the proper outcry witness because she told a District Attorney's office investigator that A.V. did not tell her that she had been abused.

A trial court has broad discretion in determining the admissibility of the proper outcry witness. *Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990). The exercise of that discretion will not be disturbed unless a clear abuse of that discretion is established by the record. *Id.*; *see also Montgomery*, 810 S.W.2d at 391 (stating that a trial court abuses its discretion when its ruling is outside the "zone of reasonable disagreement.").

Article 38.072 of the Texas Code of Criminal Procedure "applies only to statements that describe the alleged offense that (1) were made by the child against whom the offense was allegedly committed; and (2) were made to the *first person*, 18 years of age or older, other than the defendant, to whom the child made a statement about the offense." TEX. CODE CRIM. PROC. ANN. art. 38.072, §2(a) (Vernon 2005) (emphasis added).

10

In *Foreman v. State*, the Austin Court of Appeals, in addressing the meaning of article 38.072, determined that the "'first person' refers to the first adult who can remember and relate at trial the child's statement that in some discernable manner describes the alleged offense." 995 S.W.2d 854, 859 (Tex. App.—Austin 1999, pet. ref'd). In that case, the child victim first told her mother and stepfather that she had been sexually abused by her "Uncle Rodney" during a vacation. *Id.* at 855–57. At a hearing, however, the victim's mother and stepfather told the trial court that they did not have any memory of the victim telling them about the abuse. *Id.* The trial court determined that the proper outcry witness under article 38.072 was a counselor and not the victim's mother and stepfather because the counselor was the first person to remember and relate the conversation. *Id.* at 857, 859.

Here, White told the District Attorney's office investigator that A.V. did not tell her about the abuse. Accordingly, Carmack was the proper outcry witness because she was the first adult that A.V. told about the sexual abuse who remembered the conversation and could relate it to others. *See id.* Thus, the trial court did not abuse its discretion by admitting Carmack's testimony as the proper outcry witness. We overrule Appellant's second point.

11

## V. Admissibility of Child Pornography

In his final point, Appellant asserts that the trial court erred by admitting evidence that he possessed child pornography: State's exhibits four through ten. Appellant argues that the pornographic photographs were not identified by A.V. as photos that Appellant had shown her; and therefore, evidence of his possession of them constituted extraneous prior bad acts. He contends that even if the seven photographs were relevant, they were highly prejudicial. The State argues that the photographs were properly admitted because under Rule 404(b), they tend to show Appellant's intent or motive.

The standard of review for a trial court's ruling under the Rules of Evidence is abuse of discretion. *Sauceda v. State*, 129 S.W.3d 116, 120 (Tex. Crim. App. 2004); *Angleton v. State*, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998). If the ruling was correct on any theory of law applicable to the case, in light of what was before the trial court at the time the ruling was made, then we must uphold the judgment. *Sauceda*, 129 S.W.3d at 120; *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); *Romero v. State*, 800 S.W.2d 539, 543–544 (Tex. Crim. App. 1990).

Rule 404(b) provides that

> [e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

TEX. R. EVID. 404(b). Additionally, article 38.37 of the Texas Code of Criminal Procedure states that notwithstanding Rule 404(b), evidence of other crimes, wrongs, or acts committed by the defendant against the child victim of the alleged offense "shall be admitted for its bearing on relevant matters, including: (1) the state of mind of the defendant and the child; and (2) the previous and subsequent relationship between the defendant and the child." TEX. CODE CRIM. PROC. ANN. art. 38.37(2) (Vernon Supp. 2007).

Evidence admissible under Rule 404(b) or article 38.37 may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. TEX. R. EVID. 403. In evaluating the trial court's determination under Rule 403, a reviewing court is to reverse the trial court's judgment "rarely and only after a clear abuse of discretion," recognizing that the trial court is in a superior position to gauge the impact of the relevant evidence. *Jones v. State*, 119 S.W.3d 412, 421–22 (Tex. App.—Fort Worth 2003, no pet.). When the relevant criteria are viewed objectively and lead to the conclusion that the danger of unfair prejudice substantially outweighs the probative value of the proffered evidence, the appellate court should declare that the trial court erred

13

by failing to exclude it. *Sarabia v. State*, 227 S.W.3d 320, 323 (Tex. App.—Fort Worth 2007, pet. ref'd); *see also Montgomery*, 810 S.W.3d at 392; *Jones*, 119 S.W.3d at 422.

The relevant criteria in determining whether the prejudice of an extraneous offense outweighs its probative value include (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006).

Appellant relies on *Thrift v. State*, for the proposition that the "State could not offer the additional images as evidence of Appellant's 'intent to arouse or gratify [his] sexual desire.'" 134 S.W.3d 475, 477 (Tex. App.—Waco 2004), *aff'd on other grounds*, 176 S.W.3d 221 (Tex. Crim. App. 2005). However, we have previously held that we decline to follow the *Thrift* reasoning. *Sarabia*, 227 S.W.3d at 324-25 (holding that the element of 'intent

14

to arouse or gratify sexual desire' cannot be inferred by concluding that the defendant committed the offense).

Here, the State introduced seven pornographic photographs of young girls even though A.V. testified that she did not remember viewing them with Appellant. "Intent to arouse or gratify sexual desire" is an implicit element of aggravated sexual assault of a child. *Id*. at 323–24; *see also Ochoa v. State*, 982 S.W.2d 904, 908 (Tex. Crim. App. 1998). Therefore, the seven photographs were admissible under Rule 404(b) because they tend to show Appellant's intent or motive to gratify his sexual desire with underage girls. *See Sarabia*, 227 S.W.3d at 324; *Jones*, 119 S.W.3d at 422. Accordingly, the trial court did not abuse its discretion by admitting the photographs.

We now turn to the balancing factors under Rule 403(b). The photographs do have some probative value of evidence of Appellant's intent or motive to gratify his sexual desires via underage girls. Furthermore, the State's need for the evidence was moderate because the photographs corroborated A.V.'s statements that Appellant made her view child pornography on his computer. Additionally, we believe that presenting the jury with this evidence would not lead to a decision on an improper basis. Next, the presentation of the photographs did not have a tendency to confuse or distract the jury from the main issues. Further, the pornographic photographs did not have a

15

tendency be given undue weight by the jury because even though such photographs depicting children are typically inflammatory, the photographs depict naked underage girls, and during her testimony, A.V. identified two other pornographic photographs that Appellant made her look at on his computer. Finally, the presentation of the photographs did not consume an inordinate amount of time or merely repeat evidence already admitted.

Accordingly, we hold that the trial court did not abuse its discretion by admitting the seven pornographic photographs over Appellant's objection. Therefore, we overrule Appellant's third point.

## VI. Conclusion

Having overruled Appellant's three points, we affirm the trial court's judgments.

PER CURIAM

PANEL F:   MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: May 29, 2008

16