Opinion filed June 12, 2014



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00153-CR

_____

**MIGUEL ZUNIGA DELGADO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 24067A**

## M E M O R A N D U M   O P I N I O N

The jury convicted Miguel Zuniga Delgado of the offense of continuous sexual abuse of a child under fourteen. The trial court assessed punishment at confinement for twenty-five years and sentenced him accordingly. On appeal, Appellant contends that the trial court erred when it did not allow him, during a hearing outside the presence of the jury, to question the child, V.M., about prior

outcry statements. He also challenges the trial court's ruling as it pertains to the admissibility of testimony related to the outcry statement. We affirm.

The evidence in the record reveals that V.M. was three years old when Appellant began to sexually abuse her. The possibility of abuse came to light when V.M.'s paternal grandmother, Maria, gave V.M. a bath. V.M. would not let Maria wash her private parts. After using the restroom the following day, V.M. again would not allow Maria to clean her private parts because it was painful. When Maria asked V.M. what happened, V.M. told Maria that Appellant, her mother's boyfriend, touched her "sepeto" with his hand and his face. Maria said that V.M. calls a vagina a "sepeto." Maria phoned V.M.'s father and took her for a sexual assault examination. Debra McCracken, a sexual assault nurse examiner (SANE), interviewed V.M. before conducting a physical exam. V.M. would not describe the assault, and McCracken had to get the history from Maria. Maria told McCracken that V.M. told her "that [Appellant], mom's boyfriend, put his finger in her and put his mouth down there."

About eight months later, V.M.'s father asked her to help him clean the van. V.M. said that she did not want to because she was in pain. V.M. told her father that Appellant was still touching her. V.M. underwent another sexual assault examination, and she told a SANE that Appellant was "touching" her "down there" and that "it was hurting." V.M. said, "He took all my clothes off. He hurt me down there." V.M. pointed to her genitals. Neither exam revealed injuries, but both nurses testified that a lack of injuries is consistent with the type of assault that V.M. described.

In his first issue, Appellant argues that the trial court erred when it prevented him from calling V.M. as a witness during a hearing under Article 38.072 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072 (West Supp. 2013). He wanted to ask V.M. whom she first told about the abuse.

2

The State counters that the purpose of the hearing is to determine the reliability of the statement and not the other requirements of the statute.

Article 38.072, section 2(a), as relevant here, provides for the admission of hearsay statements in certain types of cases if the statements (1) describe the alleged offense; (2) were made by the child against whom the charged offense was allegedly committed; and (3) were made to the first person eighteen years of age or older, other than the defendant, to whom the child made a statement about the offense. Article 38.072, section 2(b)(2) provides that statements that meet those requirements are not inadmissible because of the hearsay rule if "the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement.

The trial court conducted the reliability hearing required by Article 38.072, section 2(b)(2). Maria testified at the hearing. After the State questioned Maria outside the presence of the jury, Appellant attempted to call V.M. as a witness. Appellant argued that Maria's testimony did not and could not establish that Maria was the first adult that V.M. told about the abuse and that "[t]he only one who's going to know who the first person is is [V.M.] herself." The trial court denied this request. At trial, V.M. was the State's final witness. On cross-examination, Appellant questioned her about how far back she could remember certain events and tried to establish through V.M. that Maria was biased against Appellant. V.M. testified that she had told her mother, father, and grandmother about the abuse, but Appellant did not attempt to establish a time frame for each statement. Although Appellant argued earlier that V.M. was the only person who could testify as to the first adult that she told about the abuse, when V.M. was testifying, Appellant chose not to ask her whom she first told.

A review of the record in this case yields no evidence that V.M. described the offense to any other adult prior to her statement to Maria, and Appellant does

3

not argue that a different witness was the proper outcry witness. Based on the record, Maria was the first adult to whom an outcry statement was made who could remember V.M.'s statement and relate it at trial. *See Foreman v. State*, 995 S.W.2d 854, 859 (Tex. App.—Austin 1999, pet. ref'd) (holding Article 38.072 allows "the first adult who can remember *and relate at trial* the child's statement" to be the proper outcry witness (emphasis added)).

Even if we were to assume that it was error to deny Appellant's request to question V.M. during the hearing, any such error would be harmless. The admission of inadmissible hearsay is nonconstitutional error, and we consider it harmless and disregard the error unless it affected a substantial right of the accused. *See* TEX. R. APP. P. 44.2(b); *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). Because Appellant failed to question and elicit testimony from V.M. at trial about prior outcry statements, we cannot conclude that being deprived of the opportunity to question V.M. during the hearing affected a substantial right. Appellant's first issue is overruled.

In his second issue, Appellant challenges the trial court's decision to allow McCracken, a SANE, to testify concerning V.M.'s outcry statement to Maria. Appellant argues that the statement is not admissible as a statement to a medical professional under TEX. R. EVID. 803(4) (an exception to the hearsay rule) because V.M. did not make the statement to Maria for the purpose of medical diagnosis or treatment. We have already determined that the outcry statement was admissible through Maria as the outcry witness. Furthermore, Appellant offered, and the trial court admitted, V.M.'s medical records into evidence. The medical history of which Appellant complains is contained in those medical records. Therefore, if there was any error, and we do not hold that there was, in allowing McCracken to testify to the same medical history statements that Maria related to her and that were contained in the medical records, the error was rendered harmless "in light of

4

other properly admitted evidence proving the same fact[s]." *Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999). Accordingly, Appellant's second issue is overruled.

We affirm the judgment of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE


June 12, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.