ACCEPTED
08-20-00139-CR
EIGHTH COURT OF APPEALS
EL PASO, TEXAS
3/11/2021 4:16 PM
ELIZABETH G. FLORES
CLERK

# No. 08-20-00139-CR

In the Court of Appeals for the Eighth District
El Paso, Texas

FILED IN
8th COURT OF APPEALS
EL PASO, TEXAS

3/11/2021 4:16:56 PM
ELIZABETH G. FLORES
Clerk

**Omar Calderon,**
Appellant

v.

**The State of Texas,**
Appellee

Appeal from the 450th Judicial District Court
Travis County, Texas
Cause Number D-1-DC-20-904007
Honorable Judge Brad Urrutia, Presiding

## STATE'S BRIEF

JOSÉ P. GARZA
District Attorney
Travis County, Texas

*/s/ Nancy Nicolas*
Nancy Nicolas
Assistant District Attorney
State Bar No. 24057883
P.O. Box 1748
Austin, Texas 78767
(512) 854-9400
Fax No. (512) 854-4206
Nancy.Nicolas@traviscountytx.gov
AppellateTCDA@traviscountytx.gov

*Oral argument is not requested*

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ....................................................................ii

STATEMENT REGARDING ORAL ARGUMENT.............................iii

STATE'S REPLY TO APPELLANT'S SOLE POINT OF ERROR ........ 1

    The Standard of Review is Abuse of Discretion. ..................................2

    The Statements Made by A.C. to her Therapist Did Not Describe
    Sufficiently Discernable Allegations of Sexual Abuse to Qualify the
    Therapist as an Outcry Witness. .........................................................3

    If the Designation of Detective Dunn as the Outcry Witnesses Was
    Error,  Such Error Was Harmless. .......................................................9

CONCLUSION ................................................................................ 12

PRAYER........................................................................................ 13

CERTIFICATE OF COMPLIANCE AND SERVICE.......................... 14

i

# INDEX OF AUTHORITIES

### Cases

*Carty v. State,* 178 S.W.3d 297 (Tex. App.—Houston [1st Dist.] 2005) ...........................11

*Creech v. State,* 2011 Tex. App. LEXIS 3340 (Tex. App.—Dallas May 4, 2011)...............11

*Foreman v. State,* 995 S.W.2d 854 (Tex. App. -- Austin [3rd dist.] 1999) .........................6

*Garcia v. State,* 792 S.W.88, at 92 (Tex. Crim. App. 1990). .....................................6,7,15

*Gibson v. State,* 595 S.W.3d 321, 327 (Tex. App. – Austin [3d dist.] 2020*)*................... 13

*Hernandez v. State,* 973 S.W.2d 787 (Tex. App. -- Austin [3rd dist.] 1998) .....................6

*Salinas v. State,* 2020 Tex. App. LEXIS 1130, *3-4 (Tex. App. El Paso February 10, 2020) (not designated for publication).....................................................................6,8

*State v. Akteyarlee,* 2006 Tex. App. LEXIS 12930 (Tex. App. – Austin [3rd dist.] 2016) (not designated for publication)............................................................................14,15

*Taylor v. State,* 268 S.W.3d 571, 592 (Tex. Crim. App. 2008) ....................................... 13

*Torres v. State,* 2000 Tex. App. LEXIS 4927 (Tex. App.—Austin July 27, 2000) ............8

*White v. State,* 2008 Tex. App. LEXIS 3977 (Tex. App.—Fort Worth May 29, 2008).....11

### Statutes

Tex. Code Crim. Pro. Art. 38.072................................................................................passim

### Rules

Tex. R. App. P. 44.2(a) .....................................................................................................8

Tex. R. App. P. 44.2(b) ..................................................................................................8,9

Tex. R. Evid. 103(a) .........................................................................................................3

## STATEMENT REGARDING ORAL ARGUMENT

The State believes that oral argument is unnecessary because the facts and legal arguments are adequately presented in the briefs filed by the parties.  Therefore, the State is not requesting oral argument.

In the Court of Appeals for the Eighth District
El Paso, Texas

**Omar Calderon,**
Appellant

v.

**The State of Texas,**
Appellee

Appeal from the 450th Judicial District Court
Travis County, Texas
Cause Number D-1-DC-20-904007
Honorable Judge Brad Urrutia, Presiding

## STATE'S BRIEF

To the Honorable Eighth Court of Appeals:

Now comes the State of Texas and files this brief in response to that of

Appellant.

## STATE'S REPLY TO APPELLANT'S SOLE POINT OF ERROR

Appellant argues that the trial court erred when it held that Detective

Dunn was a proper outcry witnesses with respect to allegations made by A.C.

against Appellant. App. Brief at 3. The State contends that the trial court

did not abuse its discretion, and in the alternative, any error in the ruling was

harmless.

1

## The Standard of Review is Abuse of Discretion.

A trial court's admission of hearsay testimony that is admissible pursuant to Tex. Code of Crim. Pro. Art. 38.072 is reviewed for abuse of discretion. *Hernandez v. State*, 973 S.W.2d 787, at 789 (Tex. App. – Austin [3d dist.] 1998). The abuse of discretion standard "applies with equal force to the trial court's determination of who is a proper outcry witness." *Salinas v. State*, 2020 Tex. App. LEXIS 1130, *3-4 (Tex. App. El Paso February 10, 2020) (not designated for publication).

A trial court's findings concerning the designation of an outcry witness will be upheld when the findings are supported by evidence in the record. *Garcia v. State*, 792 S.W.2d 88, at 92 (Tex. Crim. App. 1990). The trial court is afforded broad discretion in that determination, and "[t]he exercise of that discretion will not be disturbed unless a clear abuse of that discretion is established by the record." *Id.* A ruling that falls within the "zone of reasonable disagreement" will not be reversed. *Foreman v. State*, 995 S.W.2d 854, at 856 (Tex. App. – Austin [3d. dist.] 1999).

**The Statements Made by A.C. to her Therapist Did Not Describe Sufficiently Discernable Allegations of Sexual Abuse to Qualify the Therapist as an Outcry Witness.**

To make determinations under Article 38.072, including who was the "first person" who was given a "statement about the offense," the trial court must conduct a fact-specific inquiry that demands close scrutiny. *Garcia v. State*, 792 S.W.2d at 92 (Tex. Crim. App. 1990). The statutory text has been interpreted to mean "that the outcry witness must be the first person, 18 years old or older, to whom the child makes a statement that in some discernible manner describes the alleged offense. We believe that the statement must be more than words which give a general allusion that something in the area of child abuse was going on." *Id.* at 91. The Texas Court of Criminal Appeals articulated, "the societal interest in curbing child abuse would hardly be served if all that "first person" had to testify to was a general allegation from the child that something in the area of child abuse was going on at home. Thus we decline to read the statute as meaning that any statement that arguably relates to what later evolves into a allegation of child abuse against a particular person will satisfy the requisites of Sec. 2 (a)(2). The statute demands more than a general allusion of sexual abuse." *Id.*

It is not uncommon for a child to make a general statement to one adult generally alluding to sexual abuse, and make a subsequent statement to another listener that explicitly sets forth how, when, and where the alleged sexual abuse took place, thereby describing the sexual abuse in a discernable manner in the latter statement. *See Torres v. State*, NO. 03-99-00485-CR, 2000 Tex. App. LEXIS 4927 (Tex. App.—Austin July 27, 2000). "Consequently, the proper outcry witness is not the first adult to whom the child made any mention of the offense, but the first adult to whom the child related specific details concerning the offense." *Salinas v. State*, 2020 Tex. App. LEXIS 1130, *14 (Tex. App. El Paso February 10, 2020).

Here, the dispute centered around whether Detective Dunn, who had been designated by the State in a pretrial notice, was an outcry witness based on his interview of A.C. which took place on August 23, 2017. 5 RR 195-6. Appellant's attorneys contended that Detective Dunn was not the first person to whom A.C. made a statement about allegations of sexual abuse by Appellant, and asserted that A.C.'s therapist, Barbara Ritchie, had in fact heard an outcry statement as to the same events during her therapy sessions which began in 2015. 5 RR 241. Both Detective Dunn and Ms. Ritchie testified in the outcry hearing conducted outside the presence of the jury.

Ritchie testified that A.C. first came to see her in December of 2015, to address concerns about her self-harming behavior and depressive symptoms. 5 RR 214. According to Ritchie, A.C. did communicate to her that sexual abuse had taken place and that A.C.'s father was the perpetrator, but that Ritchie did not ask for specifics about what sexual acts had taken place because that was not the focus of the therapeutic sessions. 5 RR 214. Ritchie stated that she understands her role to be helping the client deal with the emotions they feel based on their experiences, and she would refer a child who wished to make an outcry statement to a forensic interviewer. 5 RR 214. Ritchie did learn that there were two separate times the abuse took place, but she had no knowledge of which body parts were involved. 5 RR 217.

Ritchie testified that in her trauma narrative process, A.C. probably included some of the specific sexual acts which constituted the abuse, but Ritchie had no recollection of whether A.C. included those details in her narrative. 5 RR 215. Ritchie remembered giving A.C. paper to work on her trauma narrative, and testified that for adolescents it is typical for them to write out their narrative, but stated that the narrative can be in another form of expression and is kept by the child to be destroyed as an act of empowerment. 5 RR 215. When asked if A.C. told Ms. Ritchie the "who,

what, where, [and] when" of the abuse, Ms. Ritchie responded, "Yeah.  Pieces of it."  5 RR 220.

Based on this testimony, it was reasonable for the trial court to conclude that A.C. had told her therapist an incomplete account of the abuse, such that it constituted a general allusion to sexual abuse but did not convey sufficient detail to be a statement of the abuse within the meaning of article 38.072.  While Appellant contends that the trial court's ruling hinged on Ms. Ritchie's inability to recall what had been a discernable outcry statement, the trial court's ruling does not reflect that Ms. Ritchie was ever deemed a recipient of a discernable outcry statement based on her testimony of what was discussed during the therapy sessions:

> COURT:   So the other thing we have, though, is the part with Ms. Ritchie. She clearly cannot remember. She clearly stated her job was to treat -- her job with the child or what she was attempting to do with the child --the reason she was seeing the child, I should say more clearly, was based on the trauma she received from sexual abuse and that was the focus, dealing with the trauma, not with the actual act itself or anything to do with the act itself, and that she wouldn't have. It's clear to me that the testimony she gave was she would be careful not to deal with that because that wasn't the purpose of her work with the child, that if there was an indication that she had been sexually abused or something, knew she would have sent her out for an outcry -- to do an outcry with a CAC interviewer. I think that's actually what she said. And that she had her doing these trauma narratives in 2016. And she can't recall whether any specifics were in that trauma narrative and the reason she

6

couldn't is because those trauma narratives were given to the child. It was the child's. And it was clear the way she described it. I'm not going to describe it articulately at 4:30 in the afternoon after a long day of voir dire, but it was clear. The way she described it was it's apparently a therapy tool by which the child would then destroy the trauma narrative. So it sounds to me like it was a way to get the child in touch with feelings. I can't -- I'm not making a ruling on that. So she clearly does not know anything about the specifics of the case. So the Court's ruling is Detective Dunn is the proper outcry witness.

5 RR 227-8.

Therefore, Appellant's discussion of *Foreman* is inapposite to the circumstances of this case.[1]

By contrast, Detective Dunn testified that A.C. told him that the first instance of sexual abuse occurred over Spring Break 2014, on the living room couch of the apartment where her father, Appellant, lived.  5 RR 199-200. A.C. described that Appellant touched her breasts, and that he used his hand to touch outside her vagina and put his finger inside her vagina.  5 RR 201. A.C. also informed Detective Dunn that in April 2014, around the time of her

---

[1] Even if the trial court relied on *Foreman*'s interpretation of article 38.072 and considered Ritchie's inability to testify as to the specific details of what A.C. told her because the trauma narrative had been retained by the child and not made part of her file, that reliance would not be an abuse of discretion because several appellate courts have found *Foreman* to be persuasive.  *See Carty v. State,* 178 S.W.3d 297 (Tex. App.—Houston [1st Dist.] 2005) (finding *Foreman* instructive where the record did not show the child had given one adult details of the charged offense, and the adult was uncooperative and unavailable); *White v. State,* Nos. 2-07-089-CR, 2-07-090-CR, 2008 Tex. App. LEXIS 3977 (Tex. App.—Fort Worth May 29, 2008) (not an abuse of discretion where adult who denied child had told her any details of abuse was found not to be an outcry witness), and *Creech v. State*, Nos. 05-09-00762-CR, 05-09-00763-CR, 2011 Tex. App. LEXIS 3340 (Tex. App.—Dallas May 4, 2011) (not an abuse of discretion to find that a child psychiatrist who had no recollection or documentation of specific allegations of sexual assault was not an outcry witness).

father's birthday, the second instance of sexual abuse occurred. 5 RR 202. The specific location provided was the bedroom of the same apartment, while A.C. was lying in a bed. 5 RR 202. Detective Dunn testified that A.C. told him that she was awoken by Appellant touching her breasts. 5 RR 202. During that same visit but at a different time of day, Appellant and A.C. were in the bedroom and Appellant exposed himself, rubbed her vagina, and placed her hand on his penis. 5 RR 204. The detail provided to Detective Dunn was sufficient to set forth particular sexual acts and identifiable offenses, unlike the information relayed to Ms. Ritchie which did not mention which specific body parts were involved.

Based on this testimony by the potential outcry witnesses, it was rational for the trial court to find that Detective Dunn was the proper outcry witness for what A.C. reported to him, and that Ms. Ritchie had not been made an outcry witness within the meaning of Article 38.072. Particularly in light of the broad discretion afforded to the trial court in this determination, Appellant has failed to substantiate his claim that this ruling was an abuse of that discretion based on the testimony provided.

## If the Designation of Detective Dunn as the Outcry Witnesses Was Error, Such Error Was Harmless.

Under the Texas Rules of Appellate Procedure, an error that does not affect the substantial rights of the accused must be disregarded. Tex. R. App. Pro. 44.2(b). However, if constitutional error that is subject to harmless error review has occurred, then the reviewing court must reverse the conviction unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction. Tex. R. App. Pro. 44.2(a). Additionally, "error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected." *Id.*, citing Tex. R. Evid. 103(a).

The erroneous admission of hearsay testimony by operation of a mistaken outcry witness designation is non-constitutional error. *Gibson v. State*, 595 S.W.3d 321, 327 (Tex. App. – Austin [3d dist.] 2020). Thus, if the trial court's ruling was in error, the error is reversible only if it had a substantial and injurious effect or influence on the verdict. *Id.*, citing *Taylor v. State*, 268 S.W.3d 571, 592 (Tex. Crim. App. 2008). "If we have a fair assurance from an examination of the record as a whole that the error did not influence the jury, or had but a slight effect, we will not overturn the conviction." *Taylor v. State*, 268 S.W.3d at 592 (Tex. Crim. App. 2008).

"In cases involving the improper admission of outcry testimony, the error is harmless when the victim testifies in court to the same or similar statements that were improperly admitted or other evidence setting forth the same facts is admitted without objection." *Gibson v. State*, 595 S.W.3d at 327 (Tex. App. – Austin [3d dist.] 2020). In *Gibson*, the court found no harm from the admission of hearsay where the child complainant testified to the same evidence, where a diagram and the forensic interview were also admitted without objection, and where the accused made a statement that was arguably an admission to the allegations. *Id.* By contrast, if the improperly admitted hearsay is the only evidence offered to establish the elements of the sexual abuse, then the error will not be found harmless. *State v. Akteyarlee,* 2016 Tex. App. LEXIS 12930 (Tex. App. – Austin [3d dist.] 2016).

Here, A.C. testified before the jury to the same events she recounted to Detective Dunn, with some discrepancies but substantially similarly to the statements he conveyed to the jury. 7 RR 71-80. Notably, A.C. testified that in addition to touching her breasts and touching inside and outside of her vagina, Appellant also used his tongue to touch inside and outside of her vagina, during the first instance of sexual abuse. 7 RR 77. The description of the second instance of sexual abuse was likewise substantially similar. 7

RR 89, 98. Additionally, certain details were permitted into testimony as statements made for purposes of medical treatment to the SANE examiner, specifically that A.C. was touched on the inside and outside of her vagina, and touched with a tongue to her vagina, and that she had to put her hand on the offender's penis. 8 RR 183. Whatever influence Detective Dunn's testimony had on the jury was likely far less impactful than the influence of the testimony of A.C. herself, and therefore any error in permitting Detective Dunn's hearsay testimony before the jury was harmless.

Unlike in *State v. Akteyarlee*, in which the complainant's testimony contained no evidence of sexual abuse and the State relied entirely on the erroneously admitted testimony of an outcry witness to prove the charged conduct, Appellant had full opportunity to test the strength and credibility of A.C.'s account that gave rise to the allegations against him. 2016 Tex. App. LEXIS 12930 (Tex. App. – Austin [3d dist.] 2016). Appellant has not demonstrated that he was deprived of a substantial right, and therefore any error must be disregarded. Tex. R. App. Pro. 44.2(b).

## CONCLUSION

Texas courts have repeatedly declined to find that an underdeveloped or nonspecific narrative of abuse constitutes "a statement about the offense" for purposes of Article 28.072. *Garcia v. State*, 792 S.W.2d at 92 (Tex. Crim. App. 1990). As such, the listener of a vague statement that later evolves into a discernable allegation of child abuse is not a proper outcry witness. Here, the trial court found that the statements made by A.C. to her therapist were not sufficiently specific or detailed to constitute a statement about the offense within the meaning of Article 28.072. In contrast, the trial court found that the statement to Detective Dunn was adequately specific and designated him as the outcry witness for the offenses described to him. Based on the evidence presented to the trial court at the outcry hearing, these conclusions are supported by the record and were within the court's reasonable exercise of discretion.

**PRAYER**

The State requests that the Court overrule Appellant's point of error and affirm the trial court's judgment.

Respectfully submitted,

JOSÉ P. GARZA
District Attorney
Travis County, Texas

*/s/ Nancy Nicolas*
Nancy Nicolas
Assistant District Attorney
State Bar No. 24057883
P.O. Box 1748
Austin, Texas 78767
(512) 854-9400
Fax No. (512) 854-4206
Nancy.Nicolas@traviscountytx.gov
AppellateTCDA@traviscountytx.gov

## CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that this brief contains 2,732 words, based upon the computer program used to generate this brief and excluding words contained in those parts of the brief that Texas Rule of Appellate Procedure 9.4(i) exempts from inclusion in the word count, and that this brief is printed in a conventional, 14-point typeface.

I further certify that, on the 11th day of March, 2021, a true and correct copy of this brief was served, by U.S. mail, electronic mail, telephonic document transmission, or electronically through the electronic filing manager, to Appellant's attorney, Keith S. Hampton, Attorney at Law, P.O. Box 66488, Austin, Texas 78766, *keithshampton@gmail.com*.

*/s/ Nancy L. Nicolas*
**Nancy L. Nicolas**
Assistant District Attorney

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Vicki Butcher on behalf of Nancy Nicolas
Bar No. 24057883
Vicki.Butcher@traviscountytx.gov
Envelope ID: 51404207
Status as of 3/11/2021 4:32 PM MST

Associated Case Party: State of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Nancy Nicolas | 24057883 | nancy.nicolas@traviscountytx.gov | 3/11/2021 4:16:56 PM | SENT |

Associated Case Party: Omar Calderon

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Keith Stewart Hampton | 8873230 | keithshampton@gmail.com | 3/11/2021 4:16:56 PM | SENT |