**Modified and Affirmed and Opinion Filed October 25, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-23-00313-CR

### ENRIQUE JUAREZ BAZARTE, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F21-75340-Q**

## MEMORANDUM OPINION

Before Justices Molberg, Breedlove, and Kennedy
Opinion by Justice Breedlove

Appellant Enrique Juarez Bazarte was convicted of continuous sexual abuse of a child after a jury trial and sentenced by the trial court to 51 years in prison. *See* TEX. PENAL CODE ANN. § 21.02. In a single issue, appellant argues that the trial court erred in permitting the forensic examiner to testify as an outcry witness. We conclude the forensic examiner meets the statutory requirements because she was the first witness to whom the child described the offenses in a discernable manner. Accordingly, we affirm the trial court's judgment as modified.

## BACKGROUND[1]

Appellant was charged with having committed continuous sexual abuse of A.E. From 2015 to 2017, A.E. lived with her grandmother and grandmother's husband, appellant, along with various other family members. Stephanie Bernadac, a Bilingual Forensic Investigator at the Dallas Children's Advocacy Center (CAC), testified that during the time A.E. lived with appellant, he sexually abused her on multiple occasions.

Prior to trial, the trial court held a hearing to determine which of three proposed witnesses was the proper outcry witness. Bernadac testified at the hearing along with Miriam Aguirre, A.E.'s aunt, and Janet Aguirre, A.E.'s mother.[2] After hearing the testimony of the three women, the trial court designated Bernadac as the outcry witness, holding that while A.E. made statements to multiple people, those statements were no more than general allusion, whereas A.E. described to Bernadac details of the abuse.

A jury trial was held on March 8, 2023, and the jury found appellant guilty of continuous sexual abuse of a child under 14. After a separate hearing on punishment, the trial court assessed punishment at 51 years in prison. This appeal followed.

---

[1] The facts of the case are well-known to the parties; therefore, we include only those necessary to resolve appellant's sole issue on appeal. *See* TEX. R. APP. P. 47.1.

[2] For clarity, we refer to Miriam and Janet Aguirre by their first names.

## STANDARD OF REVIEW AND APPLICABLE LAW

Article 38.072 of the Texas Code of Criminal Procedure provides an exception to the rule against hearsay in that it allows the admission of outcry statements if certain requirements are met. TEX. CODE CRIM. PROC. ANN. art. 38.072; *Sanchez v. State*, 354 S.W.3d 476, 484 (Tex. Crim. App. 2011). One such requirement is that the designated outcry witness must be the first person eighteen years of age or older that the child victim told about the abuse. TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(a)(3). The first person refers to the first adult who can remember and relate at trial the child's statement that in some discernible manner describes the alleged offense. *Dobbs v. State*, —S.W.3d—, 2024 WL 4500938, at *4 (Tex. App.—Dallas, Oct. 16 2024, no pet. h.) (citing *Foreman v. State*, 995 S.W.2d 854, 859 (Tex. App.—Austin 1999, pet. ref'd)).

To be considered the first outcry, the child victim's statements must be more than a general allusion of sexual abuse and must describe the alleged offense in some discernible manner. *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990). The trial court determines in the first instance whether one or more witnesses may be designated as outcry witnesses, and we review that determination for an abuse of discretion. *See Garcia*, 792 S.W.2d at 92; *Rodgers v. State*, 442 S.W.3d 547, 552 (Tex. App.—Dallas 2014, pet. ref'd). A trial court has broad discretion when deciding which witnesses qualify as outcry witnesses. *Sims v. State*, 12 S.W.3d 499, 500 (Tex. App.—Dallas 1999, pet. ref'd). A court's designation of an outcry witness

will be upheld when it is supported by the evidence. *Mendez v. State*, No. 05-23-00121-CR, 2024 WL 3063628, at \*3 (Tex. App.—Dallas June 20, 2024, no pet.) (mem. op., not designated for publication) (citing *Polk v. State*, 367 S.W.3d 449, 452 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd)).

## DISCUSSION

The State gave appellant notice of its intent to present A.E.'s hearsay statements to Janet and Bernadac[3] about the abuse. The trial court ruled that Bernadac was the proper outcry witness. Appellant contends Bernadac is not the proper outcry witness because she was not the first person to whom A.E. disclosed the abuse. To review this claim, we must first recount the representations and testimony from the outcry hearing.

Miriam, A.E.'s aunt, testified first. She testified that in November 2020 when A.E. was approximately eleven years old, A.E. told her that appellant had touched her and that "he would do it in her butt." She also told Miriam that she "didn't know if it ever went into her vagina." A.E. told Miriam that it "would happen multiple times at night." Miriam also testified as to what she understood A.E.'s statements to mean, but she did not testify as to anything else A.E. told her.

A.E.'s mother, Janet, testified next. Janet provided multiple conflicting accounts throughout her testimony. She testified that in November 2020, A.E. told

---

[3] The record does not contain a notice regarding Miriam, but she is listed on the State's initial trial witness list.

her, "I was raped." She responded, "Yes," when Janet asked her if she knew what rape is, and she told her mother that appellant did it. She testified on direct examination that A.E. did not provide her any other details during that conversation. On cross-examination, Janet testified that in the time between when A.E. initially told her and the time Janet took A.E. into the CAC, A.E. told her that appellant gave her money and chocolate. Janet initially testified that A.E. did not go into detail about any sexual contact during that time, but then later testified that A.E. told her that appellant put his "private part" in A.E.'s "private part" and in her "butt." Janet had previously testified that A.E. did not mention anything "with the butt." She also testified that "she actually did tell me about that" when asked if A.E. had mentioned appellant touching or kissing her breasts, but Janet did not provide any specific statements or identify when A.E. told her this.

Bernadac testified last. She testified that she is a Bilingual Forensic Investigator at Dallas CAC, where her job is to obtain a statement from the child in a way that is developmentally sensitive and legally sound. Bernadac conducted a forensic interview with A.E. at the CAC on December 1, 2020, when A.E. was twelve years old. Bernadac testified that during the interview, A.E. described multiple instances of sexual abuse by appellant, including the following instances that Bernadac recalled specifically:

(1)  Appellant put his penis into A.E.'s vagina at night in A.E.'s grandmother's room while grandmother was in the shower. At this time, A.E.'s mother

was at work and her aunts were out. She described how it hurt, how she was on the bed, and talked about how she felt like she wanted to die.

(2)    On A.E.'s birthday, she asked appellant for money and he said that she had to do something for it. He laid her on the floor and put his penis in her butt. She described how it hurt. She recalled that the door was open, the lights were off, but the light in the hallway was on. He gave her $20 afterward.

(3)    Another time when A.E.'s grandmother was in the shower, appellant made A.E. put her mouth on appellant's penis. They were by the door in the room, and she was on her knees while he was standing. She described how it felt nasty and it tasted like rotten eggs.

(4)    A.E. described a time when appellant kissed her breasts under her clothes and that it felt weird.

Bernadac also testified as to statements appellant made to A.E. during those encounters. A.E. told Bernadac that she had told her mother that appellant had put his penis in her vagina but that she did not go into much detail when she told her.

At the end of the hearing, the prosecutor argued Bernadac was the proper outcry witness. The defense argued Bernadac was not the proper outcry witness because A.E. talked to Janet, Miriam, and a police officer before the forensic interview and gave details about the abuse. But Miriam's and Janet's testimonies established A.E. provided only general statements about abuse to them. In contrast, the statements made to Bernadac were detailed and described instances of sexual abuse with particularity. The trial court ruled Bernadac was the outcry witness on the instances of abuse to which she testified during the article 38.072 hearing. The trial court's ruling is supported by the record. Because A.E. provided Janet and Miriam only with a general allusion to appellant's sexual abuse and Bernadac was

–6–

the first witness to whom A.E. describe the alleged offense in a discernible manner, the trial court did not abuse its discretion by designating Bernadac the outcry witness in this case. *See Garcia*, 792 S.W.2d at 91 We overrule appellant's sole issue.

## MODIFICATION OF JUDGMENT

In a cross-issue, the State contends this Court should modify the trial court's judgment to include an affirmative finding that the victim was younger than fourteen at the time of the offense. The judgment contains the statement, "(For sex offender registration purposes only) The age of the victim at the time of the offense was 14 years." The judgment correctly reflects the offense for which appellant was convicted, "SEX ABUSE CONTINUOUS CHILD UNDER 14" and the "Statute for Offense," § 21.02 of the penal code.

The State argues that appellant's conviction makes him subject to the sex offender registration requirements of criminal procedure code Chapter 62. A conviction based on a violation of penal code § 21.02, continuous sexual abuse of young child, is a "reportable conviction or adjudication" under code of criminal procedure art. 62.001(5)(A). Under code of criminal procedure art. 62.051, a person who has a "reportable conviction or adjudication" "shall register . . . with the local law enforcement authority in any municipality where the person resides or intends to reside for more than seven days." TEX. CODE CRIM. PROC. ANN. arts. 62.001(5)(A), 62.051(a). The judgment must reflect this information. "In the event of conviction of an offense for which registration as a sex offender is required under

Chapter 62," the judgment "shall reflect" a "statement that the registration requirement of that chapter applies to the defendant and a statement of the age of the victim of the offense." TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(27).

Appellate courts may modify a trial court's judgment and affirm it as modified. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). This Court "has the power to correct and reform the judgment of the court below to make the record speak the truth when it has the necessary data and information to do so." *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.— Dallas 1991, writ ref'd). Appellate courts may reform trial court judgments where "the evidence necessary to correct the judgment appears in the record." *Id.* Here, the record contains all the necessary information required to modify the judgment. Therefore, we modify the judgment to reflect that at the time of the offense, the victim was under 14 years of age.

## CONCLUSION

We modify the trial court's judgment and affirm as modified.


230313f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

/Maricela Breedlove/
MARICELA BREEDLOVE
JUSTICE

–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ENRIQUE JUAREZ BAZARTE,
Appellant

No. 05-23-00313-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F21-75340-Q.
Opinion delivered by Justice
Breedlove. Justices Molberg and
Kennedy participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**MODIFIED** as follows:

Add the word "under" before "14" in the section of the judgment
following "(For sex offender registration purposes only)".

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 25th day of October, 2024.